FERGUSON EX. ET AL. VS. WILLIAMSON ET AL.

The purchase of land by one in his own name, under an agreement to purchase for the joint benefit of himself and others, creates a trust, which will be enforced in equity, on the principles settled in *Trapnall adx. vs. Brown,* (19 *Ark. Rep.*)

*Appeal from Hempstead Circuit Court in Chancery.*

Hon. ABNER A. STITH, Circuit Judge.

S. H. HEMPSTEAD, for appellant.

The principle of law is clear, and without exception, in an equity forum, that where parties are meritorious and equally innocent the law must prevail, or, in other words, the legal title must be held paramount. 1 *Story's Eq.*, 63, *c*; *Fitzsimmons vs. Ogden,* 7 *Cranch.* 2; *Caldwell vs. Ball,* 1 *Term Rep.* 205, 214.

The equity of the plaintiff is as good as that of the defendant; and then comes in the rule to turn the scale, " in equal right the condition of the defendant is the best." 2 *Vesey, jr.,* 454; 1 *Story's Eq.* 64 *c*; 2 *Story's Eq.* 1503; 1 *Story's Eq.* 381.

The only difficulty that can ever arise is as to the application of the rule—not as to the rule itself.

And there seems to me to be a serious difficulty; indeed an insurmountable one, in the specific performance or execution of the agreement alleged in the bill, supposing it to exist and to have been proved exactly as alleged, which is not the case. The promise of Poindexter was *verbal,* and as it *related to lands* it was *void by the Statute of frauds,* and could not be enforced at all. (*Digest,* 540.) Nor is anything alleged, or shown to take the case out of the statute. *Keatts vs. Rector,* 1 *Ark.* 391.

A parol contract must be definite and certain in its terms,

TERM, 1859.]          Ferguson ex. et al. vs Williamson et al.

and clearly proven before it will be enforced, nor where it is not strictly equitable, will the performance of any contract be decreed. 4 *Bibb.* 102; 2 *Wheat.* 336; *Hempstead's C. C. R.* 246

The case of *Aikin vs. Harrington*, 7 *Eng.* 392, is in point to show that no relief could be decreed in the present case.

If one of several securities takes an indemnity to himself alone without fraud, he is entitled to use it for his own benefit, and his co-securities are entitled only to the excess or balance, which may remain after he who took the indemnity is indemnified. *Moore vs. Moore*, 4 *Hawks.* 358; *Thompson vs. Adams*, *Freem. Ch. R.* 225.

It would be inequitable to deprive Poindexter of his legal advantage, when he has paid a larger amount than either of the complainants, and an amount greatly beyond the value of the land purchased, and to which he held the legal title.


CUMMINS & GARLAND, for the appellees.

The terms of the contract are certain and unambiguous, and for a good consideration; the agreement has been partly performed, and the appellees have been ready and willing, and not in default, and on their part it would be a great hardship to deny them relief. *Lester vs. Foxcroft*, 1 *Am. Lead Cas.* 564, *and authorities cited*, 2d *Story's Eq Juris. p.* 68, *sec.* 759, *p.* 89, *sec.* 771; 17 *How.* 340.

Admissions of Poindexter on which the other parties acted, are an effectual estoppel to him and his representatives, 3 *Hill* (*N. Y.*) 215; *Tompkins vs. Phillips*, 12 *Geo.* 52.

Parol contracts as to sale of lands, that may be performed within a year not within the statute of frauds. *Dig.* 540, *sec.* 1; *Lockwood vs. Barnes*, 3 *Hill* (*N. Y.*) 128; 10 *John. R.* 244; 15 *Wend.* 336; 22 *Pick.* 97. But if it is applied, there is such part performance as would take it out of the statute. 2 *Story's Eq. s.* 68, *sec.* 759.


Mr. Chief Justice ENGLISH delivered the opinion of the Court.

The original bill in this case was filed by Thomas William-

son and John B. Sandefur, in the Hempstead Circuit Court, against Elijah Ferguson and Thomas H. W. Maddux, as executors of Henry P. Poindexter, deceased. The bill alleges, that on the 18th of August, 1848, Elijah D. Robins obtained a judgment in the Hempstead Circuit Court, against the *President and Trustees of the Washington Male and Female Seminary* for $800, etc. An execution was issued upon the judgment, levied on building materials of the corporation, and a delivery bond executed by Henry P. Poindexter, as President of the Board of Trustees, with John W. Cocke, Henry P. Poindexter, James Gibson, Thomas Williamson and John B. Sandefur, individually, as securities. The bond was forfeited and an execution issued thereon to the coroner of Hempstead county, who levied it upon a lot of land containing seven acres, belonging to the corporation, which was sold at public sale by the coroner, on the 5th of November, 1849, and purchased by Henry P. Poindexter, for $10, who afterwards received the coroner's deed therefor, duly acknowledged in open court, and recorded.

The bill charges that previous to the sale of the land, Poindexter and complainants, as part of the board of trustees, agreed between themselves to pay the debt due from the corporation to Robins, each to pay one-third thereof ; and that Poindexter should bid in the land for the joint use and benefit of himself and the complainants; and in pursuance of such agreement Poindexter bid in the land at the coroner's sale, and took the deed in his own name. That Poindexter paid his own portion of the debt due to Robins, as well as that of complainant, Williamson; and that complainant, Sandefur paid the residue of the debt.

On the 9th of February, 1854, Poindexter died, leaving the defendants, Ferguson and Maddux, his executors, who qualified as such, and afterwards, complainant, Williamson, executed his bond to them as such executors, for his portion of the debt due to Robins, paid by Poindexter.

That Poindexter did not, in his life-time, make a deed to complainants, or either of them, for any portion of said land,

nor had his executors done so since his death, as in equity and good conscience they should have done, but refused to do so, and held the land as the absolute property of their testator, in violation of the agreement above stated.

Prayer that defendants, as such executors, be decreed to convey to each of the complainants, by separate deeds, one-third of the land, etc.

The defendants answered the bill, admitting that there was some agreement between Poindexter and complainants, to assume and pay the debt to Robins, but denying any agreement on the part of Poindexter, to purchase and hold the land for the joint use and benefit of himself and the complainants. On the contrary, the defendants aver that he purchased for his own benefit, etc.

A number of depositions was taken on the part of complainants, to prove the agreement as alleged in the bill. It will be sufficient to state the substance of such of them as are most relevant to the point in issue.

*S. T. Sanders*—deposed that the land was worth $500. (In this the other witnesses concur.) That Poindexter and complainants assumed the debt to Robins; and there was some understanding among the trustees of the school, that the land should be bid in for the benefit of the institution. On this account persons were induced not to bid for the land at the sale.

*C. B. Mitchell*—deposed that it was his understanding that the land was bought in by Poindexter for the benefit of the school. He so understood from Poindexter and other members of the board of trustees.

*Wm. W. Anderson*—deposed that he was induced not to bid for the land by some of the trustees, who told him that there was an understanding among them that Poindexter should bid it in for the benefit of the institution.

*G. D. Royston*—deposed that he was present at the sale. Poindexter told him that he had purchased the land for the benefit of himself and the other persons who had paid the debt

to Robins, and intended to hold it for their benefit, as an indemnity, and if the corporation paid back the money, the land was to be reconveyed to it. He conversed with Poindexter before and after the sale, and Poindexter told him that the purchase of the land was the only indemnity they would have for their advances of money, etc. Deponent intended to bid for the land, but declined doing so after conversing with Poindexter, and learning of him that he intended to bid in the property for the purpose above stated.

*J. D. Trimble*—deposed that a portion of the trustees held an informal meeting before the sale, and it was agreed that Poindexter should purchase the land for the benefit of himself and the other persons bound with him for the payment of the debt to Robins, as an indemnity, and that none of the other persons bound for the debt should bid against him. That it was the settled understanding at the time, that Poindexter, as the representative of the trustees, should purchase the land and hold it for the benefit of the institution, should it be able to discharge its indebtedness, and require the land for the erection of the buildings, as originally designed; and if not, then he should hold it for the mutual benefit of himself, and the other persons bound with him for the payment of the debt to Robins. Poindexter was present at the informal meeting of the trustees above referred to, and consented to the arrangement. The complainants, he thinks, were also present.

The depositions show that the trustees had abandoned the building of the institution, etc.

At the hearing, the court ordered the complainants to amend their bill, and make the trustees of the school and the widow, legatees, etc., of Poindexter parties, which was done.

None of the new defendants answered except Mrs. Poindexter, who adopted the answer filed by the executors of Poindexter to the original bill.

On the final hearing the court decreed that the land should be sold by the master, for the benefit and reimbursement of the persons who paid the debt to Robins, etc.

Maddux, one of the executors, having died, Ferguson, the surviving executor, and Mrs. Poindexter, appealed.

The decree of the court below was a just one, is supported by the principles settled by this court, in *Trapnall ad. vs. Brown*, 19 *Ark.*, and is affirmed.