|      |     |
|------|-----|
| 20   | 663 |
| f81  | 480 |

## Underhill's ad. and heirs vs. Howard.

Bill for specific performance of the following contract: That U. and H. had entered jointly, certain swamp lands, for which U. had furnished the amount in scrip, and that H. was to deposit in Bank, one-half the amount in money, to his credit, and charging that H., trusting to the honesty of U., did not ascertain whether the lands had been entered, but deposited the money according to the contract; that U. had made application to enter the lands in their joint names, but after the contract, changed the application and entered a part of the lands in his own name: *Decree* that the representatives of U. convey to H an interest in the lands so entered, equal to an undivided half of the lands agreed to be entered: *Held*, that H. was justly entitled to the relief decreed to him upon well settled and familiar principles of equity applicable to the specific performance of contracts.

*Appeal from the Crittenden Circuit Court in Chancery.*

Hon. George W. Beazley, Circuit Judge.

Garland, for the appellants.

When a contract is voluntary and based on no good or meritorious consideration a decree under it for specific peformance will not be granted. *Story's Eq. Jr.,* secs. 105, a., 176, 433; 18 *Ves.* 84; 1 *Ves. jr.* 50; 4 *Johns. Ch.* 497; 1 *Cowen* 74. Mere moral obligation is nothing. *Ehli vs. Judson,* 24 *Wend.* 97; So too of a contract where there is no mutuality. 2d *Story Eq. p.* 60, *note* 2; 1 *Johns. Ch.* 360; 4 *Ark.* 251.

Party seeking relief must show he has performed his part of the contract, paid money, etc., or that he is ready and willing. *Lester vs. Faxcroft,* 1 *White & Tudor's Eq. Cases,* 507*; *Willard's Eq.* 262, 3, 4, 5, *et seq.,* where the doctrine is well and ably discussed—so too, he must show performance possible on part of the other party. *Willard* 268; 7 *Ves.* 743; 7 *Paige* 216.

Where relief is adequate at law, no decree can be had. *City of London vs. Nash*, 3 *Atk.* 515; *Willard* 268, 9; 2 *Sch. & Lef.* 552; 13 *Ves.* 77; 5 *Peters* 264; 1 *Fond. Eq. B.* 1, *ch.* 1, *sec.* 5\*; 8 *Ves.* 163; *Willard* 279, 297; 294, 5; 2 *Wheat.* 326.

He must show that the other party has title so he can convey; *Willard* 286; 9 *Johns.* 450; 1 *How.* 34; *Willard* 291; 11 *Paige* 277; he must show this or ask for compensation in his bill; *id.* also, 2 *Barb.* 439; 17 *Ves.* 395; 1 *Ves. & B.* 357. The case of *Cain vs. Leslie et al.*, 15 *Ark.* 312, is based on relationship of trustee, etc.

HEMPSTEAD, for appellee.

1. Howard being in fact a joint owner of the lands mentioned in the original agreement, Underhill, by the re-entry of those lands in his own name, could not affect the rights of Howard. 1 *Ark.* 391; 2 *Bibb*, 73; 1 *Bibb*, 522.

2. Underhill was estopped from disputing the contract or any recital in it; and so are his representatives. 9 *Cowen*, 274; 13 *Peters*, 118; 3 *Hill*, 218; 5 *Eng.* 225.

3. The re-entry of the lands by Underhill, in his own name, was a fraud on Howard, and Underhill afterwards held these lands in trust for Howard. 6 *Mon.* 25; 8 *Yerg.* 42, 56.

Mr. Justice COMPTON delivered the opinion of the Court.

Bill for specific performance, etc., brought by Wardlow Howard against the administrators and heirs at law of George W. Underhill, deceased.

The bill alleges, in substance, that on the 6th of January, 1852, Howard and Underhill entered into the following contract:

" The undersigned have entered jointly, at the office of the Swamp Land Commissioners, the following described lands, upon the following terms and conditions, that is to say, sec. 31, etc., etc. [Here the lands are described.] For which George W. Underhill has furnished the sum of twenty-five hundred dollars in Swamp Land Scrip, in full payment for said lands;

and Wardlow Howard, in consideration of his half of said lands, promises to deposit within the next five days, at the Branch of the Union Bank of Tennessee, at Memphis, to the credit of the said George W. Underhill, the sum of twelve hundred and fifty dollars, for his half of said lands, to said George W. Underhill. This 6th of January, 1852."

That Howard, in compliance with his part of the contract, and within five days from the date thereof, deposited to the credit of Underhill in the Branch of the Union Bank of Tennessee, at Memphis, the sum of $1250; of which the Cashier by note of 9th January, 1852, advised Underhill. That the parties were in Helena when the contract was entered into, and that Howard immediately returned to Memphis, where he resided, and made the deposit, as above stated. That in entering into the contract, and in paying the money, he trusted to the integrity, honesty, and good faith of Underhill, and did not apply at the Swamp Land Office, previous to paying over the money, to ascertain whether he had in fact entered the land as covenanted in the contract.

That it turned out, as complainant, shortly before filing the bill, was surprised to ascertain, that, notwithstanding Underhill had made application at the Swamp Land Office, to enter all of the lands specified in the contract in the joint names of himself and complainant, he afterwards changed the application, and entered but a part of the lands, and made the entry in his own name, in disregard of the contract and of the rights of complainant, which he charges to have been a fraud.

That four sections of the lands embraced in the contract, which are specified, amounting to 2,560 acres, were not entered by Underhill, but that he entered all of the other lands, amounting to 2,480 acres, and without the knowledge of complainant, took the certificates of entry in his own name, and retained them until his death, etc.

That by the terms of the agreement, Underhill was to enter, as by the written contract he stipulated he had entered, with

42

scrip, in the names of the parties jointly, lands amounting to 5,040 acres, one half of which was to belong to complainant in consideration of the $1250, to be advanced by him; and Underhill having, after obtaining complainant's money, and in fraud of his rights, entered in his own name less than one half of the quantity of lands which he agreed to enter, and which he stipulated in his contract had been entered in their joint names, complainant insists that he is entitled to a decree compelling the administrator and heirs of Underhill to convey to him the whole of the lands so entered by Underhill; and the bill prays for such decree, etc.

The administrators of Underhill demurred to the bill for want of equity; the Court overruled the demurrer, and they refused to answer further.

The heirs of Underhill being minors, a guardian *ad litem* was appointed for them, who interposed a formal answer, denying the allegations of the bill.

On the final hearing, the allegations of the bill were proven by the complainant substantially as alleged.

The Court ascertained from the evidence, according to the recitals of the decree, that the lands agreed to be entered by Underhill, in the joint name of the parties, amounted to 4,336 17–100 acres, and that the lands entered by him in his own name, contained 2,416 17–100 acres, and decreed that the defendants convey to complainant an interest in the lands so entered, equal to an undivided half of the lands agreed to be entered.

The defendants appealed.

It is insisted that the Court below erred in overruling the demurrer of the administrators to the bill—that upon the facts alleged, the appellee was not entitled to a specific performance of the contract.

We think, upon well settled and familiar principles of equity applicable to the specific enforcement of contracts, the appellee

was justly entitled, both upon the allegations of the bill, and the proof, to the relief decreed to him by the Court below, and the decree must be affirmed.

Absent, Mr. Justice RECTOR.