## BELOATE *v.* HENNESSEE.

Opinion delivered January 28, 1907.

RESULTING TRUST—WHEN CREATED.—Where land is purchased for A, who furnishes the purchase money, but the title is taken in the name of B, the latter will be held a trustee for the former.

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*W. E. Beloate, pro se; J. N. Beakley,* solicitor.

The statement of facts in the complaint, and not the prayer for relief, constitutes the cause of action. 93 S. W. 570. Fraud must be pleaded by showing the facts which constitute the fraud. In this case the facts, if properly pleaded, do not sustain the allegation, as the evidence must be full, clear and convincing. Title to real estate can not be overturned by a bare preponderance of oral testimony. 75 Ark. 448; 79 Ark. 418. There is

no allegation setting up facts constituting breach of trust. Fletcher, Eq. Pl. & Pr. 131 § 98; 34 Ark. 70. See, also, 24 Ark. 464.

A parol promise by a grantee, before or after the time of receiving the deed, to hold the land in trust for any one or for any purpose is void under the statute of frauds. 45 Ark. 481; 8 Ballard, Real Prop. § 771; 9 *Id.* § 743; 49 Atl. 103. As to appellee, the purchase by appellant was only a question of contract, which, being verbal, comes within the statute. 116 U. S. L. Ed. 703. See, also, 71 U. S. 513; 73 Ark. 310; 2 Pom. Eq. 1056; S. & H. Dig. § 3481; 50 Ark. 76; 1 Am. & Eng. Enc. of L. (2 Ed.), 757.

*H. L. Ponder,* for appellee.

The evidence of all the witnesses, save that of the appellant himself, shows that the land was sold to the appellant for the appellee; and, the money having been furnished to him for the appellee, the purchase by the appellant in his own name creates a constructive trust in favor of appellee. 39 Ark. 309; 73 Ark. 310.

It is admitted in appellant's answer that the appellee is in possession of the land. Delivery of possession under a parol contract for the sale of lands takes the case out of the statute of frauds. 42 Ark. 247. The statute is not inflexible, but has exceptions and modifications which equity will apply, when justice and the facts in evidence warrant it. 30 Ark. 262. It is fraud in a purchaser, who obtains property by verbal agreement at a price greatly below its value, to keep the property in violation of the agreement. 41 Ark. 270; 19 Ark. 39; 20 Ark. 272; *Id.* 663; 1 Ark. 417.

See, also, on the question of constructive trusts, Bispham on Eq. § 91; 15 Am. & Eng. Enc. of L. (2 Ed.), 1147; *Id.* 1184-5; 34 Ark. 503; 37 Ark. 195; 5 Ark. 321; 53 Ark. 195; 15 W. Va. 67; 70 Cal. 544; 69 Ga. 652; 5 Ia. 357; 24 S. W. 430.

BATTLE, J. I. J. Bagley, as administrator of M. B. Rhea, deceased, recovered a judgment against W. F. Hennessee, sued out an execution thereon, and caused the sheriff, to whom it was directed, to levy the same upon certain lands of the defendant. The lands were sold to satisfy the execution on the 12th day of

December, 1900. W. E. Beloate caused the sheriff to convey the lands to him. Mose Hennessee brought this suit against Beloate, alleging that he, plaintiff, purchased the lands at such sale, and that the defendant by false misrepresentations and statements caused the sheriff to convey the same to him, and asked that the defendant be declared holding the title to the lands in trust for the plaintiff, and for other proper relief.

The evidence adduced at the hearing of this cause shows that the defendant purchased the lands at the sale under execution for another. He does not claim to have purchased for himself, or to have paid the purchase price with his own money, but he says he purchased for Mrs. Hennessee, the wife of W. F. Hennessee, and paid for the same with money furnished by her husband. Other witnesses testify that he purchased for Mose Hennessee, the son of W. F. Hennessee. The court found from the evidence adduced at the hearing of the cause that he purchased for plaintiff pursuant to an agreement with him, and paid the amount bid with money furnished by Mose for that purpose, and decreed that Beloate, the defendant, be divested of the title to the lands, and that the same be vested in the plaintiff; and the defendant appealed.

The preponderance of the evidence heard by the court clearly and satisfactorily sustains its findings. The lands were purchased for the appellee; and he paid the purchase money; and upon every principle of equity governing such cases he is entitled to the lands. *Grayson* v. *Bowlin,* 70 Ark. 145; *Camden* v. *Bennett,* 64 Ark. 155; *Humphreys* v. *Butler,* 51 Ark. 351; *Ferguson* v. *Williamson,* 20 Ark. 272; *Underhill* v. *Howard,* 20 Ark. 663; *Watson* v. *Murray,* 54 Ark. 499.

Decree affirmed.