PARKER v. BATES.

(District Court, S. D. Georgia, E. D.   February 20, 1913.)

BANKRUPTCY (§ 188*)—LIENS—EFFECT OF FAILURE TO RECORD.

The mother of a bankrupt, who furnished the money with which he bought land and built a house thereon for a home, taking an agreement by which he pledged the property to her as security, *held* to have a right therein superior in equity to that of his creditors, although the contract was not recorded until he became insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

In Equity. Suit by Homer C. Parker, trustee of M. R. Gregory, bankrupt, against Mrs. Emma Bates. Decree for defendant.

Larsen & Larsen, of Dublin, Ga., and Fred T. Saussy, of Savannah, Ga., for complainant.

P. W. Meldrim, of Savannah, Ga., for defendant.

SPEER, District Judge. I do not think this is a case where it is altogether appropriate to intimate even in the gentlest or most deferential way in the world that the court is likely to be influenced by sympathy. It is true that I believe there is no holier relation than that between mother and son. I am inclined to think that when it comes to the distribution of property—in other words, to such matters as are involved here—there is more apt to be collusion between mother and wife than there is between mother and son. I do not think it necessary to go into the domain of emotional or sympathetic consideration, and the cardinal fact which controls me here is the perfect genuineness of this transaction. There is not the slightest doubt that this good woman has told the truth. Her son wanted to buy a lot and build a little house. He had a young wife, perhaps one or more children. He needed the home. He was crippled and lame. What is more natural than he should go to his mother for the money? His mother let him have the money. There was not any concealment about it. He went to the very banker who holds the principal claim here, who appeared as a witness for the trustee in this suit, and got that gentleman to prepare the instrument, crude it is true, but clear enough to show that but for the mother there would not have been any assets to quarrel over. Her money bought the land and her money built the house, and he pledged the house to her as security as early as 1907. Now that, as I say, was a perfectly genuine transaction. She does not need to rely upon the deed which she afterwards took when her son was in embarrassed circumstances, in order to protect her interest. Her money bought him the only property which is now before the court. This case stands upon an entirely different footing from that where a banker takes a mortgage from one of his customers, and locks that mortgage up in his vaults, and keeps it secreted so that the mortgagor can go on and purchase goods and obtain credit, and in that way defraud others. No court has gone further than this in the effort to protect business integrity against transactions of that sort.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But this is simply an honest advancement on the part of the mother to the son, and I do not think upon any principles of equity that creditors have any right superior to her right. Her money bought the property and without her money there would have been no assets to controvert about. I think her equity superior and the value of her claim is over $1,300. The value of the property is possibly some little in excess of that, but the difference belongs to that insignificant claim of values about which the maxim de minimis non curat lex is applicable. I therefore decree in this case for the defendant.

THE COURT: I will add that I would have acceded to the request of Mr. Saussy to furnish a supplemental brief, for the reason that this note of the defendant was not attached to the answer or set forth in the answer, but it being stated and not denied that a copy of it was given to Mr. Saussy's associate, indeed the leading counsel, and no additional delay seems proper.

Mr. Saussy: On behalf of Mr. Larsen, whose case this is, and mine by adoption, I wish to enter exceptions to your honor's decree until I can confer with Mr. Larsen.