FARRELL et al. v. WYSONG et al.

In re EUREKA MINING & REDUCTION CO.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1917.)

No. 180.

1. BANKRUPTCY ⊚⇒211—COURTS—DISTRICTS.

Where the state court entered judgment for claimants awarding them a vendor's lien on property of the bankrupt, judgment of the state court awarding the lien is conclusive on the court of bankruptcy, unless the lien was voided by the filing of the petition in bankruptcy.

2. VENDOR AND PURCHASER ⊚⇒269—VENDOR'S LIENS—RECOGNITION.

Vendors' liens are recognized and enforced in the state courts of Colorado.

3. COURTS ⊚⇒372(1)—FEDERAL COURTS—ENFORCEMENT OF LIEN GIVEN BY STATE LAW.

The Federal Courts will enforce vendors' liens if in harmony with the jurisprudence of the state in which the action is brought.

4. BANKRUPTCY ⊚⇒200(4)—LIENS—VALIDITY.

Vendors who sold mining claims to the bankrupt corporation recovered judgment against the bankrupt in the Colorado state court, which declared a lien on the property and ordered foreclosure and sale. The judgment was rendered within less than four months of the filing of petition in bankruptcy. Bankr. Act July 1, 1898, c. 541, 30 Stat. 564, § 67f (Comp. St. 1916, § 9651), declares that all levies, judgments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to a petition of bankruptcy shall be deemed null and void in case he is adjudicated a bankrupt. *Held*, that the section did not apply, and the vendor's lien could be enforced, for, being recognized by the state law, the lien came into existence on the sale of the property, and the judgment merely established the amount of the debt and ordered foreclosure.

Petition to Revise Order of the District Court of the United States for the District of Colorado; John A. Riner, Judge.

On petition of Harry A. Wysong, the Eureka Mining & Reduction Company was adjudicated a bankrupt. The claim of John L. Farrell and others was allowed by the referee in bankruptcy as an unsecured claim, and, the order being affirmed by the District Court, claimants petition to revise. Petition granted, with directions to set aside the order and enter an order allowing the claim of petitioner as a secured claim.

H. R. Kaus, of Denver, Colo. (Frank C. Goudy, L. F. Twitchell, and J. H. Burkhardt, all of Denver, Colo., on the brief), for petitioners.

Halsted L. Ritter, of Denver, Colo. (Means & Buenting, of Indianapolis, Ind., on the brief), for respondents.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

CARLAND, Circuit Judge. This is a petition to revise, in matter of law, an order of the United States District Court, District of Colorado, which affirmed an order of the referee in bankruptcy, in the matter of the estate of the Eureka Mining & Reduction Company, a bankrupt, allowing the claim of John L. Farrell and Esther R. Abbott, executrix, as an unsecured claim against said estate. The claim allowed was based upon a decree of the district court of the city and county of Denver, Colo., in the case of John L. Farrell and Esther R. Abbott, as executrix of the estate of C. H. Abbott, deceased, against the Garfield Mining, Milling & Smelting Company and the Eureka Mining & Reduction Company, dated November 27, 1915. This decree adjudged that there was due from the defendants to the plaintiffs the sum of $4,262.10, with interest, as a balance upon the purchase price of a certain group of lode mining claims, known as the Black Hawk Group, situated in the Monarch mining district, Chaffee county, Colo., and more particularly described in the decree. The decree further adjudged and established a vendor's lien upon said real estate in favor of the plaintiffs for the amount found due, and ordered a foreclosure and sale of the same in the usual form. The petition to have the Eureka Mining & Reduction Company adjudged a bankrupt was filed December 7, 1915.

[1] Neither this court nor the court below has authority to review the decree of the state court. That the claimants have a vendor's lien upon the real estate is therefore not open to controversy, unless it can be said that the lien was avoided by the filing of the petition in bankruptcy. The referee decided that the lien came into existence as of the date of the decree, and therefore was avoided by section 67f of the Bankruptcy Act for the reason that the petition in bankruptcy was filed within four months prior to the date of the decree. The District Court affirmed the decision of the referee by deciding that the claimants were not entitled to a vendor's lien.

[2] We are of the opinion that both the District Court and the referee were wrong. It is not disputed that vendor's liens are recognized and enforced in the state courts of Colorado. Fostoria Gold M. Co. v. Hazard et al., 44 Colo. 495, at page 497, 99 Pac. 758; Marvin v. Stimpson, 23 Colo. 174, 46 Pac. 673; Schiffer v. Adams, 13 Colo. 572, 22 Pac. 964; Francis v. Wells, 2 Colo. 660; Salomon v. Martin, 17 Colo. App. 60, 67 Pac. 25; Mihoover v. Walker (Colo. 1917) 164 Pac. 504; Fallon v. Worthington, 13 Colo. 559, 22 Pac. 960, 6 L. R. A. 708, 16 Am. St. Rep. 231.

[3] The courts of the United States will enforce grantor's and vendor's liens if in harmony with the jurisprudence of the state in which the action is brought. Fisher v. Shropshire, 147 U. S. 133, at page 139, 13 Sup. Ct. 201, 37 L. Ed. 109, and the cases there cited; 39 Cyc. 1800; Slide & Spur Gold Mines v. Seymour, 153 U. S. 509–517, 14 Sup. Ct. 842, 38 L. Ed. 802.

[4] There remains for consideration only the question: Was the vendor's lien obtained by the decree of the state court or by the con-

tract of sale, by virtue of which the land was conveyed by the vendors to the vendee? We are of the opinion that the lien came into existence upon the execution by J. L. Farrell and Esther R. Abbott of the contract of sale, dated January 14, 1911, with the Garfield Mining, Milling & Smelting Company and the delivery of the deeds thereunder to the vendee. By this contract the unpaid balance of the purchase money was definitely fixed in a liquidated amount. The vendee accepted the deeds, and thereby not only agreed to the amount remaining unpaid, but agreed to pay the same. The decree in the state court determined that the bankrupt obtained title to the property subject to the vendor's lien of claimants. The trustee has no rights in the propery subject to the lien superior to those of the bankrupt. Hurley v. Atchison, 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729.

The proceeding in the state court was a suit to foreclose a vendor's lien, like a suit to foreclose a mechanic's lien or real estate mortgage. It established the amount of the debt, and ordered a foreclosure; but in Colorado the lien was created as of the date of the contract of sale. This is the effect of the decisions of the Supreme Court of Colorado in Wells v. Francis et al., 7 Colo. 396–415, 4 Pac. 49, and Mihoover v. Walker, 164 Pac. 504. In the Mihoover Case, the Supreme Court of Colorado decided that a vendor's lien in Colorado was available against all subsequent purchasers and incumbrancers of the land under the grantee who were not bona fide purchasers for a valuable consideration and without notice. The necessary result of this decision is that the vendor's lien comes into existence by virtue of the contract of sale. In Finnell v. Finnell, 156 Cal. 589, 105 Pac. 740, 134 Am. St. Rep. 143, the Supreme Court of California, in discussing the case of Fisher v. Shropshire, supra, announced the following rule:

"But the lien is presumed to exist, and is an incident of the transaction of sale, in all cases unless the intention of the vendor that it shall not exist be clearly manifested by his acts or declarations, and the burden of proof is on the vendee or his successors to show such intention."

It necessarily follows that section 67f is not applicable to the lien of claimants. The petition to revise is granted, with directions to set aside the order of the District Court and referee and enter an order allowing the claim of petitioner as a secured claim.