## MARSHALL v. ROETTINGER.

### In re PFAU MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

No. 3968.

1. **Bankruptcy ☞188(3)—Conditions under which court will declare equitable lien stated.**

   Bankruptcy courts will declare an equitable lien on specific property or specific funds when it appears that in justice and equity a claimant is entitled thereto, and the fund or property on which the lien is sought to be imposed can be definitely traced or distinguished with reasonable certainty; but this will not be done to the prejudice of equal or superior equities or legal rights of other creditors.

2. **Bankruptcy ☞188(3)—Purchasers making remittance not entitled to lien, though bankrupt had goods to fill order.**

   Where, at the time a petition in bankruptcy was filed, bankrupt had on hand a sufficient number of chino combinations to fill all the orders therefor, but had not separated them, purchasers making remittances for a certain number of such combinations, not segregated or identified, were not entitled as against general creditors to an equitable lien on the proceeds from receiver's sale of these combinations.

3. **Bankruptcy ☞188(3)—Lien will not attach to bankrupt's unidentified or unsegregated property.**

   No equitable lien will attach to bankrupt's unidentified or unsegregated property passing into trustee's possession and control, even though the contract on which the rights of the lien claimant are based apparently contemplates such a lien.

Petition to Revise Order of and Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

In the matter of the bankruptcy of the Pfau Manufacturing Company, in which Philip Roettinger was appointed trustee. A judgment of the referee, denying the petition of Andrew Marshall, doing business as the City Plumbing Company, for an equitable lien, was affirmed by an order of the District Court, and petitioner seeks review by petition to revise the order and to appeal from that order. Appeal dismissed, and judgment affirmed.

In 1922, the Pfau Manufacturing Company was engaged in the manufacture and sale of plumbing supplies. By circular letter dated May 10, 1922, it offered to sell three chino combinations for the price of two such combinations, upon condition that a check for this special sale price, $49, should be inclosed with the order. Acceptance of this proposition was limited to noon May 20, 1922, with the privilege to any one purchaser to order six such combinations for the aggregate sum of $98. On May 23d the Pfau Manufacturing Company wrote to the City Plumbing Company, in reply to its letter of May 22d, that the time for acceptance would be extended and it would accept an order from the City Plumbing Company, if sent promptly with check covering the purchase price. On May 25th the City Plumbing Company forwarded an order for six such combinations, and inclosed its check for $98, payable to the Pfau Manufacturing Company. This check was paid upon presentment, but the receipt of this order was not acknowledged, nor was any shipment made thereon. On June 23, 1922, the City Plumbing Company wrote to the Pfau Manufacturing Company that it had received no response to its order of May 25th inclosing check for $98, and that, if the Pfau Manu-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

facturing Company could not ship these combinations immediately, to return the money. No response was made to this letter. On July 5, 1922, upon suit of a creditor, a receiver was appointed for the Pfau Manufacturing Company, and on August 21, 1922, the Pfau Manufacturing Company filed its voluntary petition in bankruptcy. It was later adjudged a bankrupt and a trustee was appointed and qualified.

At the time the receivers were appointed the Pfau Manufacturing Company had received from customers responding to its circular letter above mentioned, orders for two hundred and forty chino combination sets, with checks covering the purchase price thereof. After the receipt of this money the bankrupt shipped a number of chino combinations to customers upon orders taken at a higher price, but no shipments were made upon either of these 240 orders. When the receivers were appointed the Pfau Manufacturing Company had in stock over 750 complete chino combination sets, all of which were converted into cash by the receiver or by the trustee; the proceeds thereof exceeding in amount the aggregate advance payments made upon these 240 orders. It is claimed on behalf of the City Plumbing Company that it is entitled in equity to a lien on all the assets of the bankrupt coming into the hands of the receivers or the trustee in bankruptcy, and particularly on chino combinations in stock when the receivers were appointed, or any materials from which the same could be manufactured, or, if sold, then upon the proceeds of the sale thereof. The referee denied the prayer of the petitioner for an equitable lien. This was affirmed by the District Court. The case is here on appeal and upon petition to revise.

Alfred Mack, of Cincinnati, Ohio (Cohen, Mack & Hurtig, of Cincinnati, Ohio, and Behr & Coolidge, of Detroit, Mich., on the brief), for petitioner and appellant.

Harry B. Mackoy, of Covington, Ky. (Henry B. Street, of Cincinnati, Ohio, on the brief), for respondent and appellee.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

DONAHUE, Circuit Judge (after stating the facts as above). [1] While bankruptcy proceedings are for the protection of all the creditors of the bankrupt without favoritism, nevertheless bankruptcy courts will not hesitate to declare an equitable lien upon specific property or specific funds when it appears that in justice and equity a claimant is entitled thereto, and the fund or property upon which the lien is sought to be imposed can be definitely traced or distinguished with reasonable certainty; but this will not be done to the prejudice of equal or superior equities or legal rights of other creditors.

[2] In this case the referee in bankruptcy found that the evidence introduced on behalf of the petitioner does not sustain any claim of a fraudulent scheme on the part of the Pfau Manufacturing Company to obtain money from the petitioner without the intention of shipping the goods, or that it realized at any time prior to the appointment of the receiver that it would not be able to continue in business or that it would not be able at a later date to fulfill the terms of the contract. Including the order of the City Plumbing Company, similar orders were given and advance payments made by other customers, aggregating 240 chino combination sets. These orders are all entitled to equal consideration. The fact that at the time the receiver was appointed there were in the general stock of the Pfau Manufacturing Company more than enough chino combination sets to have

filled each of these orders is fortuitous only. The equitable considera-
tion involved would not be different if there had been but 100 such
sets. In such event it is, of course, evident that a lien could not have
been declared upon any one of these 100 sets in favor of any one of
the 240 customers to the prejudice of others similarly situated. It is
equally clear that neither of these customers, nor all of them, can as-
sert a lien against 750 sets, or the proceeds thereof, for the protection
of their claims for money advanced for the purchase of only 240
sets, to the prejudice of general creditors.

Upon the receipt of the order of the City Plumbing Company for 2
chino combinations, accompanied by its check to cover the purchase
price, it was the duty of the Pfau Manufacturing Company to select
and separate from the common mass of like articles then in stock the
definite articles required to fill this order and make reasonably early
shipment to its customer. It did neither, and if no receiver had been
appointed, and no bankruptcy proceedings had been commenced, the
City Plumbing Company's sole and only remedy against the Pfau
Manufacturing Company would have been an action at law to recover
the purchase price paid in advance and damages, if any, for the breach
of contract. The fact that a petition in bankruptcy was filed and a
large amount of property of the bankrupt of a kind and character fit
and suitable to fill this order, but not separated from the common
mass and not appropriated in any way to the City Plumbing Company's
order, passed into the possession of the receiver and the trustee in
bankruptcy could not create any additional rights in the plumbing com-
pany or enlarge its remedy.

No attempt was made to trace the fund arising from the proceeds
of the check, but it is insisted upon the part of the petitioner that the
property which was the subject-matter of this contract of sale, while
not sufficiently identified to pass title to the purchaser, nevertheless
is sufficiently identified in kind, although not segregated from the mass
of like property, to justify a court of equity in declaring a lien in its
favor upon all property of like kind in the possession of the bank-
rupt at the time the receivers were appointed. In support of this
proposition petitioner relies particularly upon Hurley v. Sante Fé,
213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729; Gage Lumber Co. v.
McEldowney, 207 Fed. 255, 124 C. C. A. 641, and Greif Bros. Coop-
erage v. Mullinix (C. C. A.) 264 Fed. 391.

In the Hurley Case, supra, the property consisted of a single unit.
The court found that it was the intention and purpose of the parties to
pledge this specific property for the repayment of the advances made
by the railway company. The assets of the estate consisted in part
of the money advanced by the railway company. The railway com-
pany had the power to declare a forfeiture of the lease for nonperform-
ance of the conditions on the part of the lessee. It was clearly en-
titled to have a forfeiture declared, or to an order requiring the re-
ceivers and trustee in the bankruptcy proceedings to furnish the coal
as mined in accordance with the terms of the contract, not only to
the extent of the advance payments, but during the life of the lease.
The bankruptcy proceedings in that case were commenced prior to the
amendment of the National Bankruptcy Act in 1910 (36 Stat. 838),

which amendment gives to the trustee in bankruptcy the status of an execution creditor instead of the same status as the bankrupt himself. In re Schilling (D. C.) 251 Fed. 966.

As said in the opinion of the Supreme Court in National City Bank v. Hotchkiss, 231 U. S. 50, 34 Sup. Ct. 20, 58 L. Ed. 115, the Hurley Case "stood on the peculiar facts of the case which were held to point to the identified res and give an immediate claim against it." This court held in Gage Lumber Co. v. McEldowney, 207 Fed. 255, 124 C. C. A. 641, that where the purchaser had advanced large sums of money upon the purchase price for the convenience of the seller in meeting the expenses necessary to the manufacture of the lumber, which was the subject-matter of the contract, and that where in pursuance of this arrangement lumber was cut and piled in separate piles from other lumber·on the yards of the seller, and intended by the seller to be applied and shipped in fulfillment of the contract, that the res was sufficiently identified to charge the lumber so piled and segregated from other lumber with an equitable lien for the amount of the advancements. Substantially the same state of facts was involved in Greif Bros. Cooperage Co. v. Mullinix, supra.

[3] These authorities are by no means in conflict with the established rule that no equitable lien will attach to unidentified or unsegregated property of the bankrupt passing into the possession and control of the trustee in bankruptcy, even where the contract apparently contemplates such a lien. It necessarily follows that, in the absence of a contract intending or purporting to create a lien, a court of equity will not, merely out of general consideration, declare a lien upon an unidentified res to the prejudice of equal equities of other creditors. National City Bank v. Hotchkiss, 231 U. S. 50, 57, 34 Sup. Ct. 20, 58 L. Ed. 115; Porter v. White, 127 U. S. 235, 8 Sup. Ct. 1217, 32 L. Ed. 112; Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789; In re Stiger, 209 Fed. 148, 126 C. C. A. 96; In re Imperial Textile Co. (D. C.) 239 Fed. 775; In re Morris Bros., Inc. (D. C.) 282 Fed. 670, 672.

For the reasons stated, the appeal is dismissed, and the judgment of the District Court is affirmed.