MINA SWEATT, Appellee, v. E. R. ACRES et al., Appellants.

No. 39766.

DECEMBER 13, 1929.

REHEARING DENIED MARCH 21, 1930.

*T. H. Goheen, H. Haehlen,* and *E. R. Acres,* for appellants.

*J. E. O'Brien* and *Frantzen, Bonson & Gilloon,* for appellee.

MORLING, J.—Plaintiff, Mina Sweatt, prosecuted a suit for divorce, in which E. R. Acres was her attorney. Therein plaintiff obtained judgment for alimony, which was established as a lien upon the land here in controversy. E. R. Acres, on September 15, 1920, entered in the proper judgment docket notice of attorney's lien. Afterwards (in 1925) he brought suit against the present plaintiff, to recover his attorney's fees and to establish and foreclose his attorney's lien on the judgment and on the real estate now in controversy, which real estate had meantime been sold and conveyed to plaintiff under special execution issued on her judgment for alimony. Defendant Acres had nothing to do with the issuance of this special execution or the levy or sale thereunder. In the suit to recover attorney's fees and to establish and foreclose attorney's lien, judgment on settlement made pending trial was entered, June 27, 1927, in favor of E. R. Acres and against the plaintiff, Mina Sweatt, for $625 and interest and costs. By the provisions of this judgment it was made a lien upon the land in question "from the 15th day of September, 1920," and special execution was ordered for the sale of the premises in question. It was specifically decreed "that plaintiff's attorney's lien be, and the same is, established and confirmed in the amount of said judgment against the property herein described [that in question]." Within four months from the entry of this decree, the plaintiff filed petition in bankruptcy, and was adjudicated a bankrupt. She scheduled this real property as homestead, and claimed and was awarded it as exempt. Defendant Acres is not claimed to have been a party to the bankruptcy proceedings. He sued out a special execution on his judgment, and caused it to be levied by defendant sheriff upon the land in controversy. Thereupon this suit was commenced, to enjoin the execution sale.

Plaintiff alleges fraud in procuring the judgment of defendant Acres against her. If we assume that the fraud alleged is

of such nature as to invite collateral attack on the judgment, it is, nevertheless, unproved. Plaintiff here takes the position that the statute providing for attorney's liens (Section 10924 *et seq.*, Code, 1927), does not give the attorney a lien on the judgment, but on the money in the hands of the adverse party; that the lien, if any, was waived by permitting the property upon which the lien was claimed to be sold in satisfaction of the plaintiff Sweatt's judgment; and that the lien purported to be given by the Acres judgment against plaintiff Sweatt was obtained within four months prior to the filing of plaintiff's petition in bankruptcy, and was, therefore, discharged, under Section 67(f) of the Bankruptcy Act (11 U. S. C. A., Section 107[f]).

The decree in favor of the defendant Acres against plaintiff Sweatt is unreversed, and is in full force. By that decree it was, on proper issues, adjudged that defendant Acres recover of plaintiff Sweatt $625, with interest and costs, and that he had an attorney's lien therefor upon the land in question from the 15th day of September, 1920. The attorney's lien on the land in controversy was established and confirmed from that date, and special execution for its sale was ordered. It is *res adjudicata* that defendant Acres has an attorney's lien upon the land in question. It is *res adjudicata* he has had such lien from September 15, 1920. By Section 67(f) of the Bankruptcy Law:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless * * *."

The lien of the defendant Acres is a statutory lien. It is not one "obtained through legal proceedings," though adjudicated and enforced through such proceedings. Such lien is not discharged by the operation of Section 67(f). *Bird v. City of Richmond*, 153 C. C. A. 349 (240 Fed. 545), affirmed in *City*

*of Richmond v. Bird,* 249 U. S. 174 (63 L. Ed. 543); *Rader v. Star Mill & Elev. Co.,* 169 C. C. A. 541 (258 Fed. 599); *Farrell v. Wysong,* 159 C. C. A. 11 (246 Fed. 281). See *Robertson v. Roe,* 203 Iowa 654. The lien antedated the four-months period, though the judgment establishing it was rendered within that period. Idem. This doctrine has been specifically applied to attorneys' liens. *In re Stronge & Warner Millinery Co.,* 33 Fed. (2d Ser.) 1001; *Hartman v. Swiger,* 215 Fed. 986. Defendants were entitled to proceed under the special execution, notwithstanding the adjudication in bankruptcy within four months after the date of the judgment.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.