## VOLTZ v. TREADWAY & MARLATT.

### In re PETERS MILL WORK & LUMBER CO.

### No. 5941.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

A. J. Sanders, of Cleveland, Ohio (Charles F. Carr, of Cleveland, Ohio, on the brief), for appellant.

G. B. Folk, of Cleveland, Ohio (Treadway & Marlatt, of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Appellees were attorneys for the bankrupt for a number of years prior to bankruptcy. They were to be compensated by a monthly retainer, with additional fees for collections and court work. In 1928, about two years before adjudication, the bankrupt placed with the appellees a collection against a firm of contractors involving a mechanic's lien. At that time the bankrupt owed appellees about $300 for professional services. Subsequently foreclosure was instituted in the name of the bankrupt and the suit was pending at the time of adjudication. In December, 1930, after the election of a trustee, appellees collected therein the amount of $1,460.30. In the meanwhile, and before adjudication, they had performed other services for the bankrupt, and it is conceded that the total owing to them at the time of adjudication exceeded the amount collected in the foreclosure suit. Appellees claim a lien in the sum of $350 for the reasonable value of their services in collecting the amount now in their hands, but also claim the balance of the fund under an alleged parol assignment made to them in 1928. The appellant trustee resists the claim. The referee in bankruptcy found the appellees entitled to a lien on the fund in their possession in the sum of $350 for services performed in its collection, but directed the balance to be paid over to the trustee. On petition to review the order of the referee, the District Court found the appellees entitled to the entire amount collected on the basis of an equitable assignment or lien, and from the order of the District Judge reversing the referee, the trustee appeals.

The referee denied the claim on the ground that attorneys have no general lien for professional charges upon funds in their possession except for the reasonable value of services rendered in their collection, and on the ground that the evidence did not establish an assignment of claim, but only a promise to assign. The District Judge found no fault with the first of these reasons, and we find none. He came to the conclusion, however, that the uncontradicted evidence showed something much more than a mere promise to pay the appellees out of the proceeds of the collection, and in this we think he was right.

Marlatt, one of the appellees, testified to a conversation with Peters, president of the bankrupt company, in which Peters stated, with respect to this and other collections, that whatever was collected should apply on the bill. This was corroborated by Peters, who testified that he suggested to Marlatt that he turn over the Thiel account to his firm to collect and credit against their account; that this was designated for general work; that he told Marlatt that the Thiel account would probably carry him through whatever was owing. Folk, associated with the appellees, was present at a conversation between Peters and Marlatt when Peters stated, in substance, that he was giving his claim to Treadway & Marlatt as compensation for their services and whatever he would owe them in the future. None of this evidence was contradicted or impeached.

Equitable liens, if given before the four months' period preceding bankruptcy, are valid and enforceable against the trustee. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Sexton v. Kessler & Co., 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; Foster v. Manufacturers' Finance Company, 22 F. (2d) 609 (C. C. A. 1); Marshall v. Roettinger, 294 F. 158 (C. C. A. 6). The question here presented seems to be whether a parol assignment of specific funds not yet collected, but to be collected, creates an equitable lien upon such funds, valid as against a trustee in bankruptcy if collected after adjudication. Upon this question we consider the case of Union Trust Co. v. Bulkeley, 150 F. 510 (C. C. A. 6), controlling.

While the testimony of interested parties to an alleged parol assignment should undoubtedly be received with some caution, In re Macaulay, 158 F. 322 (D. C. Mich.) yet where such parol assignment is established by testimony which is uncontradicted and credible, by witnesses who are not impeached, and there are no circumstances which cast doubt upon their truthfulness, it

will be upheld. Union Trust Company v. Bulkeley, supra, affirming In re Macaulay, supra. Such seems to be the case here. The findings of the referee, if set aside in the District Court, are not controlling upon us. Grossberger v. B. F. Goodrich Rubber Company, 8 F.(2d) 964 (C. C. A. 6).

The order of the District Court is affirmed.