**SLACK v. GUNERIUS.**

No. 5004.

Circuit Court of Appeals, Seventh Circuit.

Dec. 16, 1933.

George H. Gordon, D. S. Law, and Stanley G. Gordon, all of La Crosse, Wis., for appellant.

E. C. Higbee and Jesse E. Higbee, both of La Crosse, Wis., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge.

Whether the bankrupt's transfer of a $4,000 note to appellee was a preference which might be avoided at the instance of the trustee is the only question presented on this appeal. Appellee's insistence that the evidence without certification may not be considered

is met by the fact that the findings fully and completely present the question, and reference to the evidence is unnecessary.

The facts taken from the findings may be briefly stated as follows:

Bankrupt had long been an attorney practicing at Viroqua, Wisconsin, and his business was the negotiating of loans, one of which he made in 1923, for a farmer named Sallander. This loan amounted to $3,500 and was secured by a mortgage. The payee was one W. S. Proctor, a brother of the bankrupt. The mortgage was duly recorded. This note and mortgage was sold to appellee who obtained and retained possession of the note and mortgage and a formal assignment of the same. The assignment was not recorded. For several years mortgagor paid the interest to bankrupt who remitted to appellee. In 1928, mortgagor paid the principal and accrued interest to Proctor, from whom he received a satisfaction of the mortgage (signed by Proctor), which he recorded. Bankrupt made no remittance of the principal to appellee. Interest, however, was paid. Appellee later was informed that his note and mortgage had been paid and satisfied and, with counsel, confronted bankrupt and learned the facts respecting payment by the mortgagor and the execution of a satisfaction which had been recorded. Bankrupt, upon being pressed by Sallander, who was in turn crowded by appellee who denied the validity of the Proctor satisfaction, offered to obtain a note from a client (an executrix of a sizeable estate being administered in Vernon County) and to assign the same to appellee, if he would not foreclose his mortgage against Sallander. This offer was accepted, and Proctor subsequently obtained the note for $4,000 from his client and assigned it to appellee. The court found that "there is not sufficient evidence in the record to support plaintiff's contention that the bankrupt Proctor had express authority from Gunerius to collect the principal of the Sallander mortgage."

■ The Sallander mortgage was paid, November 20, 1928. Bankrupt assigned the $4,000 note, December 18, 1931, at which time he was insolvent. Petition for adjudication in bankruptcy was filed April 16, 1932, and adjudication occurred May 8, 1932. Appellee's agreement to postpone foreclosure of its Sallander mortgage, in consideration of bankrupt's promise to secure and assign a $4,000 note from his client for services rendered, was made in May, 1931.

Upon these facts the assignment of the note to appellee was not a preference.

Doubtless, it would have been a preference had the negotiations and the resulting agreement prior to the assignment not occurred. The District Court's conclusion that "Sallander had an equitable assignment of the indebtedness from the Webb estate to the bankrupt which went from him to defendant Gunerius to satisfy the mortgage debt," if sound, is fatal to appellant's contention. And we are of the opinion that the conclusion is sound.

■ An equitable lien may be established by verbal agreement. Jackman v. Newbold (C. C. A.) 28 F.(2d) 107, 62 A. L. R. 729; Crosby v. Packer (C. C. A.) 22 F.(2d) 611.

■ An equitable lien given more than four months before bankruptcy is enforcible. Voltz v. Treadway (C. C. A.) 59 F.(2d) 643.

True, the evidence must be sufficiently clear and persuasive to establish the existence of the equitable lien. But once the fact is established to the satisfaction of the court (and that obligation was met in the instant case as evidenced by the findings and conclusions of Judge Johnson), the court is confronted by a question of the effect of such equitable lien—a purely legal question.

■ In reaching this conclusion we have not overlooked the rule of law announced in many decisions [illustrated in Fischer v. L. N. B. & T. Co. (C. C. A.) 61 F.(2d) 757] to the effect that an assignment of future compensation of a public official is void. However, our attention has not been called to any case, and our own investigation has not produced one, that holds that an attorney in private practice falls within the class of public officials who may not assign their fees or compensation to secure a creditor.

And this, we think, is true, even though the services rendered be for an executrix who is administering an estate in the probate court. Moreover, it is at least inferable from the findings that the $4,000 note represented compensation for services that had been rendered when the agreement with appellee was reached, rather than compensation for services to be rendered by bankrupt in the future.

The decree is affirmed.