### In re MILLER.
No. 41220.

District Court, E. D. New York.
Sept. 3, 1941.

Trachman & Krosner, of New York City (Paul Arnold, of New York City, on the brief), for Empire State Mercantile Co. Inc.

Louis J. Schwartz, of New York City, for bankrupt.

Julius J. Abeson, of New York City, for trustee.

CAMPBELL, District Judge.

This is a motion for an order vacating the order of this Court dated June 30th, 1941, which stayed the Empire State Mercantile Co. Inc., from proceeding with the collection of its judgment, and for an order granting the movant herein such other, further and different relief as to this Court may seem just and proper in the premises.

On December 17th, 1940, the creditor herein recovered a judgment against the bankrupt, in the Municipal Court of the City of New York, Borough of Manhattan, First District, no part of which has been paid.

On January 6th, 1941, the judgment creditor served a subpoena in supplementary proceedings on his judgment debtor, the bankrupt herein.

On April 15th, 1941, an order was made by the City Court of the City of New York appointing a State Court receiver of the judgment debtor's personal property.

On the same day the order was filed with the Clerk of the County of New York.

On May 5th, 1941, the receiver qualified, by filing his bond as such receiver, in the office of the Clerk of the County of New York.

On June 27th, 1941, the judgment debtor, the bankrupt herein, filed a voluntary petition in bankruptcy.

On June 28th, 1941, he was adjudged a bankrupt.

Under the provisions of Section 808 of the Civil Practice Act of the State of New York, the receiver's title to the personal property of the judgment debtor relates back to the date when the proceeding was instituted by the service of the order, or subpoena, requiring him to appear for examination, which subpoena was served on the judgment debtor on January 6th, 1941, more than four months prior to his adjudication in bankruptcy.

On behalf of the bankrupt, it is contended that by reason of the failure to file a certified copy of the order appointing the

receiver, in the office of the Clerk of the County of Kings, in which it is contended that the judgment debtor resided, title to the bankrupt's personal property did not vest in the State Court receiver.

That contention is not sustained, as Section 809 of the Civil Practice Act, which provides for the filing of receivership orders, as amended effective September 1st, 1935, in its last paragraph provides: "The failure to file the order shall not affect the proceeding or the receivership, except that persons having no knowledge thereof shall not be bound thereby."

On behalf of the bankrupt it is also contended, that the supplementary proceedings which were instituted against him in the City Court, New York County, were defective, because he should have been examined in the City Court, Kings County.

That contention is not sustained, as under Section 777 of the Civil Practice Act, as amended effective September 1st, 1936, the judgment creditor might, at his option, examine the judgment debtor either in the county of his residence, or in the county where he maintains a place for the transaction of his business, and in the last paragraph of that section it is provided as follows: "Where the judgment was recovered in the municipal court of the city of New York, the proceeding shall be instituted in the city court of the city of New York, whether or not any transcript of judgment has been filed in the office of any county clerk."

■ The judgment in question having been recovered in the Municipal Court of the City of New York, the City Court of the City of New York had jurisdiction. The attempt now to raise the question that bankrupt did not have a place of business in New York County, when subpoenaed for examination, is not supported by any evidentiary facts, but in any event the City Court had jurisdiction, and any objection to venue was waived when the judgment debtor appeared and was examined.

On behalf of the trustee, it is conceded, but only for the sake of argument, that the State Court proceedings after Judgment were legal, but it is contended that the receiver's lien on the bankrupt's personal property was perfected within four months of the bankruptcy, at a time when the credi-

tor knew that the debtor was insolvent, therefore, his lien is a voidable preference under Section 60, sub. a, and Section 60, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b.

■ Whether the bankrupt was insolvent, or whether the judgment creditor knew of his insolvency, need not be considered, because it does not seem to me that the lien acquired by the State Court receiver is cognizable under Sections 60, sub. a, or 60, sub. b, of the Bankruptcy Act. I do not agree with counsel that it is made so by Section 1(30) of the Bankruptcy Act, as amended by the Amendatory Chandler Act, approved June 22nd, 1938, effective September 22nd, 1938, 11 U.S.C.A. § 1(30).

As I read the Chandler Act, Sections 60, sub. a and 60, sub. b, thereof deal with the rights of preferred creditors, preferences and their avoidance by the trustee. They do not deal with statutory liens.

Section 67 of the Act, 11 U.S.C.A. § 107, deals only with statutory liens.

If Sections 60, sub. a and 60, sub. b, dealt with statutory liens there would be no necessity for Section 67, and yet we find it amended and retained in the Chandler Act.

It can not be assumed that Congress intended to abrogate Section 67, when it passed the Chandler Act, or what would have been the necessity for retaining Section 67 in the Act?

■ Effect must be given to the whole Act and the intent of Congress as shown thereby.

No claim is made here by the moving party that it is a preferred creditor.

Its rights do not arise from any voluntary transfer, preferential, or otherwise, made to it by the bankrupt.

The lien which it asserts was acquired solely as a result of legal proceedings instituted by it.

The doctrine of relation back has not been destroyed.

■ The lien was acquired more than four months before adjudication, and Section 67 of the Act does not provide that in order to be effective such lien must be good as to innocent purchasers for value. The lien is valid as against the trustee.

The contention made on behalf of the trustee has not been sustained.

Motion granted.