**MULHERN et al. v. ALBIN.**

No. 13421.

Circuit Court of Appeals, Eighth Circuit.

July 7, 1947.

Rehearing Denied Aug. 15, 1947.

J. R. McManus, of Des Moines, Iowa (Walter F. Maley, of Des Moines, Iowa, on the brief), for appellants.

Robert C. Lappen, of Des Moines, Iowa (Guy H. Hall, of Dallas Center, Iowa, and Lappen & Carlson, of Des Moines, Iowa, on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by Eleanor Mulhern and husband, farmer-debtor bankrupts, to reverse an order of the district court which approved and confirmed an order of the Conciliation Commissioner. The order determined that the appellee Eugene Kelly Albin is a secured creditor and entitled to a lien in the amount of $5,000.00 upon certain eighty acres of land in Adel Township, Dallas County, Iowa, in the possession of appellants, to which the appellant Eleanor Mulhern has the legal title. She acquired that title by conveyance to her from the former owner in 1942, the purchase price paid therefor being $10,000.00 which was made up of $5,000.00 paid by the appellee, who is her uncle, out of his resources, and $5,000.00 raised upon a first mortgage of the land the paramount lien of which was allowed and is unquestioned. The uncle asserted his right in equity to a lien on the land for the part of the purchase price thereof paid by him superior to any interest therein of the niece in a suit which he brought against the niece (et ux.) in the state court in October, 1943, and after trial of the case on January 26, 1945, a decree was entered in the suit finding the equities to be in his favor and awarding him a judgment in rem in the sum of $5,000.00 and costs against the land and execution through sale thereof to satisfy the amounts. In respect to the rights of the niece under the legal title held by her, the decree accorded her only the right to redeem from the lien of the uncle by payment of the $5,000.00 and costs within one year from the judgment date.

Upon this appeal the niece and husband contend that the uncle's lien on the land should be found to be void under section 67 of the Bankruptcy Act as amended, 11 U.S. C.A. § 107, because less than four months intervened between the rendition of the decree in the state court on January 26, 1945, and the date of appellants' adjudication in bankruptcy on May 5, 1945, under Section 75, sub. s, 11 U.S.C.A. § 203, sub. s, the appellants having been, as they claim, insolvent at the decree date.[1]

The proof of the uncle's claim as a claim secured by lien on the land in the possession of the niece is the record of the litigation between the uncle and the niece in the state court where the disputes between them were tried out and adjudicated. It is shown by that record that in 1942 the uncle entered into a written contract with the then owner of the land in question by which the owner agreed to sell and convey, and the uncle agreed to buy it for $10,000.00. The uncle paid $1,000.00 down and was to pay the balance of $9,000.00 within about eight months. Within that time the sale contract was assigned to the niece enabling her to obtain a $5,000.00 first mortgage loan on the land, and on receiving the amount of the loan and $4,000.00 paid by the uncle the then owner conveyed the lands to her. The niece claimed in the lawsuit that consideration for the conveyance to her moved from her to her uncle in that (i.a.) there was agreement between them that she was to provide a home for him on the farm, but the court found that "fraudulent conduct (pressure and design against an aged party) induced the contracts in question and is sufficiently established to warrant equity in granting relief. Even though there be an insufficient showing of fraud to warrant relief, the record does show a failure of consideration, made so by the defendants themselves, such as to warrant relief." The judgment establishing the respective rights of the uncle and niece in and to the land and the improvements made thereon was in accord with the court's conclusions as to the equities between them in respect to the land. No part of the purchase price having been contributed by the niece, the uncle's interest in the land to the extent of the money he had put into it was found to be

---

[1] The record as it has been made up for this appeal does not show that appellants were insolvent on January 26, 1945, the date of the decree, but they have applied for leave to bring up other parts of the proceedings below which (as they assert and appellee denies) would establish the claimed insolvency.

superior in equity to any right accruing to the niece by reason of the legal title that became vested in her.

 His interest in the specific property for which he had paid all of the purchase price except the part secured by prior lien constituted an equitable lien thereon which a court of equity was required to recognize as a charge upon any interest of the niece. The bankruptcy court was empowered to distribute to creditors of the bankrupt only such interest in property as the bankrupt had. Where, as in this case, she had only a legal title to lands accruing to her through fraudulent conduct and without consideration moving from her the bankruptcy court may not refuse to recognize the equitable lien which accrued to the uncle by reason of his purchase and payment for the land conveyed in the name of the niece. The decree which was entered in the state court suit between the uncle and the niece did not create the equitable lien of the uncle but recognized and established it as existing in equity by reason of the transactions through which the niece became vested with the legal title subject to the uncle's equitable lien and the decree provided execution to enforce the rights of the parties as it found them to exist in equity. That the litigation resulting in the decree and enforcement of the respective rights of the parties in and to the lands extended over considerable time, or that the defendants were insolvent at the date of the final decree are immaterial. The rights of the parties in respect to the lands in question were determined by the circumstances of the transactions occurring between the parties in 1942, some three years before the decree date. The niece never acquired a title superior to the equitable lien of the uncle.

 It is well settled in this court that equitable liens against the property of the bankrupt must be recognized in bankruptcy, Tobin v. Insurance Agency Co., 8 Cir., 80 F.2d 241. Although our decision in that case was prior to the amendments to Section 67 of the Bankruptcy Act of 1938 and 1940, we think nothing in the amendments requires holding to the contrary. In re Van Winkle, D.C., 49 F.Supp. 711, loc.cit. 713, 714; Kaufman v. Eastern Baking Co., 1 Cir., 146 F.2d 826. Nor do we find that judgments like the state decree in this case rendered within four months of bankruptcy, which establish pre-existing liens and order enforcement of them, are denounced by the Bankruptcy Act either before or since the amendments. In Metcalf v. Barker, 187 U.S. 165, loc. cit. 174, 23 S.Ct. 67, 71, 47 L.Ed. 122, the Supreme Court said:

In our opinion the conclusion to be drawn from this language [section 67, sub. f] is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise a judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If this were not so the date of the acquisition of a lien by attachment or creditor's bill would be entirely immaterial.

"Moreover, other provisions of the act render it unreasonable to impute the intention to annul all judgments recovered within four months."

See: 3 Collier on Bankruptcy, par. 60, page 789; 4 Collier on Bankruptcy, par. 67.08, page 80; Johnson v. Root Mfg. Co., 241 U.S. 160, 36 S.Ct. 520, 60 L.Ed. 934; Taubel-Scott-Kitzmiller Co., Inc., v. Fox, 264 U.S. 426, 430, 44 S.Ct. 396, 68 L.Ed. 770; Straton v. New, 283 U.S. 318, 323–326, 51 S.Ct. 465, 75 L.Ed. 1060; Farrell v. Wysong, 8 Cir., 246 F. 281; Rader v. Star Mill & Elevator Co., 8 Cir., 258 F. 599; Morris v. Neumann, 8 Cir., 293 F. 974, 976; Powers v. Johnson, 8 Cir., 71 F.2d 48, 55; U. S. Fidelity & Guaranty v. Sweeney, 8 Cir., 80 F.2d 235; Tobin v. Insurance Agency Co., 8 Cir., 80 F. 2d 241; Owen v. Brown, 8 Cir., 120 F. 812, 814, 815; Muffler v. Petticrew Real Estate Co., 6 Cir., 132 F.2d 479, 482; Storrie v.

McAlester Fuel Co., 10 Cir., 133 F.2d 1003, 1005; Kaufman v. Eastern Baking Co., 1 Cir., 146 F.2d 826, affirming Kaufman v. Eastern Baking Co., D.C., 53 F.Supp. 364; In re Miller, D.C., 40 F.Supp. 482; Parker v. Bates, D.C., 203 F. 294. As the appellee herein became entitled to his equitable lien and asserted his right thereto by bringing his suit against the niece to have the same enforced years before his niece's petition for adjudication of bankruptcy, we find no grounds to reverse the order here appealed from recognizing the lien and allowing the appellee a secured claim in the amount thereof.

The appellee has urged the points that the bankrupts have no standing to maintain this appeal but that only a trustee in bankruptcy could be heard to complain of the allowance of the appellee's claim as a secured claim, and also that, as shown by the record, the creditors (as well as the bankrupts themselves) agreed at the first meeting of creditors in the composition proceedings under Section 75, that the appellee had a valid and subsisting lien for $5,000.00 on the land involved. But as we are persuaded that the attack upon the allowance of the uncle's claim as a secured claim is without merit, we express no opinion upon these points. The application for leave to bring up additional parts of the record is denied. The order appealed from is affirmed.