## HUMPHREYS V. BUTLER.

51  351
53  560

51  351
73  466

51  351
79   75
f81  480

1. CONSTRUCTIVE TRUST: *On land bought with money wrongfully converted.*
   Where one person wrongfully collects the money of another and invests it in real estate, taking the title in his own name, equity will create a trust on the property thus acquired, in favor of the person with whose means it was purchased, as against the wrong doer and his vendee having notice of the trust. And it is not necessary to the creation of such trust that a fiduciary relation should have existed between the parties.

2. SAME: *Same: Equitable lien.*
   The defendant in paying the purchase money of a certain lot, conveyed to him in consideration of the sum of $400, wrongfully used the sum of $149.52 belonging to the plaintiff and of which he had obtained possession without her authority, knowledge or consent. *Held:* That the plaintiff's money used by the defendant in the purchase, being only a part of the price paid for the lot, she is entitled to an equitable lien thereon for the amount due her, including interest, and to a decree for the sale of the property in default of payment.

3. PRACTICE IN SUPREME COURT: *Failure to make issue below.*
   In a chancery cause where the defendant fails to plead the staleness of the plaintiff's demand or that it is barred by the statute of limitations, such defence will not be available on appeal.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

*T. J. Oliphint,* for appellant.

A trust will not result to one who pays a part only of the consideration of land conveyed to another, unless it be some definite part of the whole consideration. 2 Paige, 238; 15 Wend., 647. Under no circumstances will a resulting trust be greater than the part of the consideration paid. Hill on Trustees, 144; 7 B. Mon., 433; 9 Paige, Chy., 334; 4 J. J. Marsh., 590; 6 Cowen, 706; 35 Me., 41; 14 Ill., 505.

The claim is stale. 41 Ark., 301. Lapse of time and laches will bar a recovery. Courts do not enforce stale claims. Perry on Trusts, sec. 140; 6 Whart., 481; 1 Hare., 594; 2 Story Eq. Jur., secs. 15-20; 21 Ark., 9.

Humphreys v. Butler.

The court erred in divesting the title. Conceding appel--lee's claim, the most she could possibly recover would be the $149 and legal interest. The U. S. government having decided that appellant was entitled to the bounty money as the brother of the deceased soldier, that decision cannot be attacked in a collateral proceeding.

The testimony was clearly insufficient to show that appellee was the wife of the deceased soldier.

Certainly there was no trust beyond the $149 used by appellant in the purchase of the lot. Hill Trustees, 4th Am. ed., 149; 2 John. Chy., 416.

*Blackwood & Williams*, for appellee.

That appellant was a trustee is beyond doubt. By representing himself to the government as the heir, he put himself in a fiduciary or trust relation to the rightful person. This was a fraud and he became a trustee *ex maleficio*. Bispham Eq., sec. 218; Hill on Trustees, 144.

If appellant mingled trust funds with his own and failed to keep account of the rents and profits, so they could be separated, it was proper for the chancellor to divest him of the whole. The burden was on him to separate the trust fund and its increase from his own. Bisp. Eq., sec. 86, [3d. ed.]; 1 Perry Trusts, sec. 128; 14 Ill., 505; 34 L. J. Ch., 301; 4 De G. M. & G., 372; L. R. 11 Chy. Div., 772; L. R. 13 Ch. Div., 128; 10 John., 65; 51 Me., 402; 1 Story Eq., sec. 468; 2 Kent, 364.

The statute of limitations was not pleaded.

The widow was entitled to the bounty. Act July 4, 1864, XIII. St. at Large, 379; Rapps. Dig. Bounty Laws, sec. 469.

BATTLE, J.

Edward Johnigan enlisted in the army of the United

Humphreys v. Butler.

States during the late war between the States, and died in the service, and before the close of the war. At the time he enlisted he had a wife, Clarissa by name, and when he died he left her surviving. He also had a brother Jacob, who survived him. In 1871 Jacob, without the knowledge, consent or authority of his brother's widow, collected from the United States $149.52 as bounty due his brother Edward, and invested it in a certain lot in Little Rock, which he purchased, and which cost him $400. Clarissa married one Butler. Having discovered Jacob's collection and investment, they brought this action to divest him of the title to the lot, and to vest it in Clarissa, or to recover a decree for the amount collected in favor of Clarissa, and to have it decreed a lien on the lot and the lot sold to satisfy the same.

The amount due Edward as bounty at the time of his death rightfully belonged to his widow. There is no controversy about Jacob having collected it, or the amount collected; and we think that the evidence clearly shows that he invested it in the lot. But it is insisted that he stood in no fiduciary relation to Clarissa, and that when he collected the money due her, and invested it in the town lot, no trust resulted to her. It is true that he stood in no relation of confidence or trust to her. But it is not necessary that such a relation should have existed to entitle her to relief against the lot. Equity created a trust *in invitum* out of the collection and the investment of her money in the lot, with the view of subjecting the lot to the purposes of indemnity and recompence.

"One of the most common cases," says Judge Story, "in which a court of equity acts upon the ground of implied trust *in invitum*, is where a party receives money which he cannot conscientiously withhold from another party." And

*1. Cons-
TRUCTIVE
TRUST:
On land
bought with
money wron-
gfully con-
verted.*

Vol. LI.—23

he states it to be a general principle that "whenever the property of a party has been wrongfully misapplied, or a trust fund has been wrongfully converted into another species of property, if its identity can be traced, it will be held in its new form liable to the rights of the original owner, or the *cestui que trust*." Story's Eq. Jur., secs. 1255, 1258.

In 2 Pomeroy's Equity Jurisprudence, the author says: "In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments or through undue influence, duress, taking advantage of one's necessities or weakness, or through any other similar means or under any other similar circumstances, which render it inconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed *ex maleficio* or *ex delicto*, are practically without limit. The principle is applied wherever it is necessary, for the obtaining of complete justice, although the law may also give the remedy of damages against the wrong-doer." Sec. 1053.

It has been held that equity will charge land paid for in part with the proceeds of stolen property with a trust in favor of the owner of the property for the amount so used. *National Mahanoe Bank v. Barry*, 125 Mass., 20; *Newton v. Porter*, 69 N. Y., 133; *Bank of America v. Pollock*, [4th ed.] ch. 215.

Humphreys v. Butler.

There is no good reason why the owner of property taken and converted by one who has no right to its possession, should be less favorably situated in a court of equity, "in respect to his remedy to recover it, or the property into which it has been converted, than one who by an abuse of trust, has been injured by the wrongful act of a trustee to whom the possession of trust property has been confided." "'The beautiful character, pervading excellence, if one may say so, of equity jurisprudence," says Judge Story, "is that it varies its adjustments and proportions so as to meet the very form and pressure of each particular case, in all its complex habitudes." While in the former case no relation of confidence or trust exists, it impresses a constructive trust upon the property obtained by the conversion for the benefit of the party whose effects have been used in obtaining it; and, when such effects or the proceeds thereof, were a part of the price paid, it makes the property so obtained chargeable with an equitable lien in favor of such party and entitles him to a "judgment for the sale of the property as upon foreclosure in default of payment within a time named." *Bresnihan v. Shehan*, 125 Mass., 11, and cases cited; *Wallace v. Duffield*, 2 S. & R., 521; *Day v. Roth*, 18 N. Y., 448.

2. SAME.
Same: Equitable lien.

Appellant insists that the demand of appellees is *stale* and that a court of equity will not enforce it. But this issue was not raised in the court below. The defendant failed to plead the statute of limitations or that the demand was stale in the chancery court, and the evidence shows that this suit was brought within a reasonable time after the discovery of the collection by Jacob.

3. PRACTICE IN SUPREME COURT: Failure to make issue below.

Appellee, Clarissa Butler, is entitled to judgment for the $149.52, and six per cent. per annum interest thereon. In-

asmuch as the evidence does not show when the money was actually received, and does show that it was invested in the lot on the 14th day of October, 1871, the interest should be computed from that date. The $149.52 being only a part of the price paid for the lot, she should have a lien thereon for the amount due her, and a decree for the sale of the lot to satisfy the lien in default of payment, within a specified time. 2 Perry on Trusts, [3d ed.] sec. 842; *Scale v. Baker*, 28 Bravan, 91; *Price v. Blackmore*, 6 Beavar, 507; *Lewis v. Maddocks*, 17 Vesy, 48.

The decree of the chancery court is reversed, and this cause is remanded, with an instruction to the court below to enter a decree in conformity with this opinion, and for other proceedings.