LIBERTY CENTRAL TRUST COMPANY v. VAUGHAN.

## Opinion delivered January 12, 1925.

1. WILLS—CONTINGENT REMAINDER.—Under a will providing that real property devised to testator's daughter should be "an estate for life and in remainder to her surviving children," a child took a remainder interest contingent on his surviving his mother, and not a vested remainder.

2. EXECUTION—CONTINGENT REMAINDER.—The interest of a contingent remainderman is not subject to levy under execution.

3. JUDGMENT—CONSTRUCTION OF DECREE.—The language of a decree must be interpreted in the connection in which it was employed.

4. PARTITION—CONSTRUCTION OF DECREE.—A consent decree in suit for partition of land devised to three persons, one of whom was to take for life with remainder to her "surviving children," did not enlarge the contingent remainder interest of the children into a vested remainder by assigning a one-third portion of the land to such devisee for life with remainder to her three named children, where there was no prayer for relief except for partition, and no issue was raised as to the nature of the remainder estate.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Gray, Burrow & McDonnell,* for appellant.

The chancery decree vested a fee simple title in Rector L. Williams subject to the life estate of his mother. His remainder interest is therefore vested and is subject to execution. The decree in the partition suit is conclusive against collateral attack. 94 Ark. 519; 52 Ark. 493; 118 Ark. 533; 97 Ark. 450. A decree, unless corrected by appeal or new trial, is conclusive of all matters that were determined or could have been litigated in the case. 98 Ark. 110; 41 Ark. 75; 52 Ark. 1. The decree settled the question of title. It must be presumed to have been in issue, else the court would not have expressly passed on it. Section 8100, C. & M. Digest. See also 72 S. W. (Mo.) 521; 51 S. W. (Mo.) 1044; 11 S. W. (Mo.) 993; 107 S. E. 431 (N. C.) (1921). The decree of partition, etc., did not, according to the original equity practice, transfer or convey title. At the present time the general rule

is that mutual conveyances are not necessary, but the partition is regarded as consummated and the titles vested in severalty to the respective shares by virtue of the final decree. Pom. Eq. Remedies, 2d ed., § 721; C. & M. Dig., § 6297-98; Black on Judgments, § 660; 162 Fed. 742. The consent partition decree is binding and operative in all its parts, regardless of whether it is confined to matters litigated or in issue. This renders the question of title here *res judicata* and operates as an estoppel. 98 Tenn. 363, 38 L. R. A. 679; 113 U. S. 261.

*Carmichael & Hendricks,* for appellee.

The will only created a contingent remainder in Rector L. Williams which was not subject to execution. 44 Ark. 458; 95 Ark. 22; 98 Ark. 573. See also 75 Ark. 21; 140 Ark. 111; 115 Ark. 405; 117 Ark. 370; 118 Ark. 274. The consent decree did not change the character of the estate created in the children of Mrs. Vaughan. The question of whether her children were to receive a contingent or vested remainder was not before the court when the consent decree was rendered. See 70 Ark. 83; 71 Ark. 168; 92 Ark. 173. Our court has taken a contrary view on the argument advanced by appellant that the consent decree is binding, etc. As witness the cases in 76 Ark. 152; 81 Ark. 462. The injunction in this case should be made permanent. 48 Ark. 510; 58 Ark. 314.

Smith, J. Appellant recovered judgment against Rector L. Williams, and, in satisfaction thereof, sought to sell under execution the undivided third interest of Williams in certain property in the city of Hot Springs, but the sale was enjoined upon the ground that the interest of the judgment debtor in the property levied upon was merely a contingent remainder, and therefore not subject to sale under execution, and this appeal was prosecuted to reverse a decree of the chancery court sustaining that contention.

H. M. Rector died testate, and, by the eighth clause of his will, directed that "after satisfying the special bequests herein provided for, I give and bequeath to my son, Doctor H. M. Rector, and to my son, Elias W. Rector,

and to my daughter, Ernestine F. Brunson, the remainder of my estate, real, personal and mixed. The real property, however, hereby bequeathed to my daughter, Ernestine, to be an estate for life and in remainder to her surviving children.''

The judgment debtor, Williams, was one of the three children of the testator's daughter, Ernestine F. Brunson, and the three children and their mother were all parties plaintiff to the suit, they being joined with the judgment debtor, on the theory that they were interested in the property advertised for sale.

The cause was heard on an agreed statement of facts, from which we copy the following recitals. The testator died August 12, 1899, and the will was probated on August 15. On November 17, 1900, in order to avoid a contest of the will, a consent decree was entered in the Garland Chancery Court in a cause wherein H. M. and E. W. Rector and Mrs. Brunson and her children were plaintiffs, and the other heirs of the testator, being the children of another child of the testator, were defendants, wherein the defendants were granted certain portions of the estate of the testator in lieu of certain specific bequests and devises, and the defendants were perpetually enjoined from contesting the will. On July 26, 1902, a second consent decree was rendered by the Garland Chancery Court, in a cause wherein E. W. Rector was plaintiff and H. M. Rector, Ernestine F. Brunson, Rector Williams, McGehee Williams and Thruston Williams (the three children of Mrs. Brunson), were defendants. This was a suit for partition, and, under the provisions of the decree, one-third of that portion of the testator's estate which was held in common by the sons, E. W. Rector and H. M. Rector, and the daughter, Mrs. Brunson, and her children, was set apart to E. W. Rector, another third to H. M. Rector, and the remaining third to Mrs. Brunson and her three children.

The language of the decree assigning the last-mentioned third is as follows: ''and to the said Ernestine F. Brunson, Rector Williams, McGehee Williams and

Thruston Williams, the remaining one-third thereof, to be held by the said Ernestine F. Brunson for and during her life, and the remainder of said one-third interest to the said Rector, McGehee and Thruston Williams, their heirs and assigns forever.'' Subsequent to this decree Mrs. Brunson married, and is now known as Mrs. Vaughan.

It is the contention of the judgment creditor that, if Rector L. Williams did not take a vested remainder interest under the will of his grandfather, he did take that interest under the decree rendered July 26, 1902, and that thereafter, if not before, his interest in the property became and is subject to sale and satisfaction of appellant's judgment against him, and the correctness of this contention is the question presented for decision.

We think it clear that Rector L. Williams did not take a vested remainder under the will of his grandfather. An opinion on this title was prepared by John M. Moore, one of the State's greatest lawyers, and, as we concur in his construction of the will, we quote and adopt certain language employed by him in his opinion. After quoting the eighth clause of the will, he said: ''This clause of the will vested a life estate in Mrs. Brunson with remainder in fee to her surviving children. The word 'children' is used in the will in the ordinary sense, and does not include grandchildren nor embrace the descendants of a child who should die during Mrs. Brunson's life. The devise to the children is to take effect upon the death of the mother, and their interest is contingent upon their surviving her. At the time this will was executed Mrs. Brunson had three children living. If all of the children were to die before their mother, this devise would lapse, and it is a question of some importance to determine whether it would pass to the heirs at law of H. M. Rector, the testator, or fall into the residuum and pass to the residuary devisees, H. M. Rector and Elias W. Rector.''

Mrs. Brunson (now Mrs. Vaughan) and the children are all alive, and it is apparent that Rector L. Wil-

liams took, under the will of his grandfather, only a remainder interest, contingent upon his surviving his mother. *Horsley* v. *Hilburn,* 44 Ark. 458; *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18; *Plumlee* v. *Bounds,* 118 Ark. 274.

It is conceded by appellant that, if the judgment debtor's interest is that only of a contingent remainderman, it is not subject to execution (*Plumlee* v. *Bounds,* 118 Ark. 274), and, as we are of the opinion that this was the interest he took under the will, it becomes necessary to consider whether that estate was enlarged by the consent decree of July 26, 1902. No appeal was ever prosecuted by any one from this decree, and more than seven years have elapsed since the youngest of the three children came of age before the institution of this suit.

It does appear that the decree of July 26, 1902, assigned to the mother and her three children "the remaining one-third thereof, to be held by the said Ernestine F. Brunson for and during her life, and the remainder of said one-third interest to the said Rector, McGehee and Thruston Williams, their heirs and assigns forever." But this language of the decree must be interpreted in the light of the connection in which it was employed. This was a partition suit, pure and simple, and no relief except that of partition was prayed. The suit was brought by E. W. Rector, who alleged that he was the owner of an undivided one-third interest in the lands sought to be partitioned, and that his brother, H. M. Rector, owned an undivided one-third, and that their sister and her three children owned the remaining third. There was no issue between the mother and her three children as to their respective interests in the third which they together owned. There was no prayer that the will be construed and their respective interests adjudged, and there is nothing in this decree, which is incorporated in the agreed statement of facts, to indicate that the court undertook to construe this will or to adjudge the respective interests of the mother and her children. It was alleged in the complaint for partition

that Mrs. Brunson and her three children owned an undivided third interest.

It is true, as was said by Mr. Moore in his opinion, that, if all the children were to die before their mother, this devise would lapse; but this contingency was waived by the brothers, who sought partition, and, as was further said by Mr. Moore in his opinion, that suit would estop the brothers from disputing the title of Mrs. Brunson and her sons; but there is nothing to indicate that the court was asked to assign her and her children any other or different interest than that given them by the will of the testator.

The complaint said nothing about the nature of the remainder interest which the children owned, and there was no prayer in either the complaint or the answer that this interest be adjudged, and there was no necessity for such adjudication to afford the brothers the relief prayed by them, that is, that they be assigned their interests in severalty as against their sister and her children. There is nothing to indicate that these litigants had placed themselves under the control of the court for all purposes, and the only interests alleged were that the respective parties owned each a third of the property sought to be divided, and there was no prayer for any relief except that partition be made, and we feel sure there was no attempt in this decree to adjudge the interest given Mrs. Vaughan or her children by the terms of the will, but that it was intended only to assign to her and to her children the interests given them under the will in severalty. *Cowling* v. *Nelson,* 76 Ark. 146; *Rankin* v. *Schofield,* 81 Ark. 440.

This being true, Rector L. Williams has only a contingent remainder in a third, and, as this is an interest which cannot be sold under execution, it follows that the sale was properly enjoined, and that decree is therefore affirmed.