### In re THOMPSON et ux.
### No. 686.

District Court, W. D. Washington, N. D.
Nov. 2, 1933.

Clarence J. Coleman, of Everett, Wash., for petitioner.

C. J. Henderson, of Mount Vernon, Wash., for trustee.

NETERER, District Judge.

The bankrupt, while cashier of the First National Bank of Stanwood, unlawfully appropriated money belonging to his employer, and was suspended by the president on the last day of August. On September 5, following, he borrowed from the Citizens' State Bank of Arlington, upon fraudulent representation, a fund sufficient to pay this default, and received two checks on a bank in Seattle; these checks he exchanged at the Seattle bank for two drafts, which he delivered to cover his shortage to the First National Bank on the same day, and his discharge by the board of directors followed on the same day. Within four months he was adjudicated bankrupt. The trustee by suit at law recovered from the First National Bank of Stanwood the amount paid to it by the bankrupt, being the same amount obtained by the bankrupt from the Citizens' Bank of Arlington. The state bank of Arlington asserted an equitable lien upon the money obtained from it, and recovered by the trustee from the First National Bank of Stanwood. After hearing the proofs, the referee found in favor of the trustee. A review is now sought by the Citizens' Bank of Arlington.

Reclamation of property for fraud may be obtained when it can be distinctly traced from the defrauded party. Central National Bank v. Insurance Company, 104 U. S. 54, 26 L. Ed. 693. Obviously, the money is traced from the defrauded state bank of Arlington to the trustee, the identity of the fund being established. And the trustee stands in no better relation than the First National Bank of Stanwood. The title did not rest in the First National Bank of Stanwood, but was in abeyance by reason of section 60b of the Bankruptcy Act, 11 USCA § 96 (b) (transfer within four months of adjudication). The First National Bank of Stanwood incurred no responsibility and advanced no money and for payment parted with nothing of value, and the equity lien obtained by reason of the fraud upon the state bank of Arlington. Thomas Wilson & Co. v. Smith, 44 U. S. (3 How.) 763, 11 L. Ed. 820. See, also, Bank of Metropolis v. New England Bank, 42 U. S. (1 How.) 234, 11 L. Ed. 115; Heidelbach v. Campbell, 95 Wash. 661, 164 P. 247.

The exceptions to the referee's decision are sustained, and an order may be presented establishing the equity lien of the state bank of Arlington upon the funds in the hands of the trustee, after payment of expense incurred by the trustee in recovering the money.