## STEPP v. McADAMS et al.
### No. 8683.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1938.

Kenton A. Miller and Herbert N. Ellis, both of Los Angeles, Cal., G. Randolph Miller, of Whittier, Cal., and Gerald C. Kepple, of Los Angeles, Cal., for appellant.

George W. Fenimore, of Los Angeles, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal and a cross-appeal in an equity receivership proceeding from a District Court order entitled: "Order Confirming Third Report of Ed. McAdams as Receiver for the Elmer Company, Ltd., Dismissing Order to Show Cause of Howard W. Stepp and for Distribution to Howard W. Stepp and Guaranty Liquidating Corporation" [hereinafter called the Order of May 14, 1937]. The order was made in two proceedings, which were heard concurrently, the Court making one order embracing its decision in both matters.

In order to fully understand the problems presented by these appeals it is necessary to review certain prior proceedings in the receivership as they are disclosed by the agreed statement of the case. It is to be noted that all of the orders hereinafter mentioned were made and entered by the same Judge of the District Court.

On January 25, 1936 the District Court made an order allowing Howard W. Stepp (hereinafter referred to as Stepp) a general (and not a preferred) claim against the receivership estate in the amount of $35,361.38. The decretal portion of the order was cast in the following language:

"* * * it is further ordered that said claimant Howard W. Stepp is denied and disallowed any preferred claim against the receivership herein or the receivership estate or funds, and in lieu thereof said Howard W. Stepp is allowed as a general claim against the Receiver and against the receivership estate and funds in the amount of $35,361.38 * * *."

The claim of Guaranty Liquidating Corporation (hereinafter referred to as Guaranty), in the amount of $1,845,020.75, and those of 117 other creditors, aggregating $311,609.65, had previously been allowed as general claims. At the time an appeal was pending to this court in an action in equity entitled Guaranty Liquidating Corporation, Substituted Claimant v. The Elmer Company, Ltd., wherein the District Court had allowed the claim of Guaranty against the receivership estate in the above mentioned amount.

On March 17, 1936 Guaranty offered to purchase all the assets of the receivership except the sum of $29,624.37 in cash (which amount was to be withheld by the Receiver and to be distributed prorata among the receivership creditors) other than itself and Stepp. A condition of the offer was that the District Court on acceptance thereof cause the appeal in the litigation involving its claim to be dismissed. The amount of the offer was $115,761.88, which was to be paid by the surrender and cancellation of the claim of Guaranty against the receivership. The offer was made subject to the payment, inter alia, of the "claim of Howard W. Stepp against the receivership in whatever amount or sum the same may be finally allowed and approved."

On May 5, 1936, after hearing on the petition of the receiver for instructions with reference to the offer and of the verified objections of appellant thereto, the District Court filed its order instructing the receiver to accept the offer. The approval of the offer was made upon certain conditions, several of which were in reference to appellant's claim. Condition (3) was that the Receiver deposit with the Clerk of the

Court $8,500 in cash, out of the funds of the estate, to remain on deposit "until the final determination of the claim of Howard W. Stepp now on appeal from this Court to the United States Circuit Court of Appeals for the 9th Circuit." Another condition was that:

"(4) Upon the final determination of the said claim of Howard W. Stepp against the receivership estate said Guaranty Liquidating Corporation shall pay to said Howard W. Stepp the full amount or sum for which said claim may be finally allowed and approved, and in the event said sum of $8,500.00 deposited by said Receiver with the Clerk of this Court shall be insufficient to pay the said claim of Howard W. Stepp in full, in such amount as may be finally allowed, the said Guaranty Liquidating Corporation shall pay such additional amount as may be required to pay said claim in full. However should said sum of $8,500.-00 so deposited by said Receiver be more than sufficient to pay said claim in full, then in that event the surplus remaining after full payment of said claim shall be paid to said Guaranty Liquidating Corporation as part of the assets of which said offer of purchase is made * * *."

Another condition was that Stepp was authorized to proceed at his own expense with the appeal theretofore taken by the Receiver in the action involving the claim of Guaranty. Prior to the entry of the last mentioned order Stepp had perfected an appeal to this court from the order of January 25, 1936, which had allowed his claim as a general claim.

June 10, 1936 the Receiver filed his second report and petition for order authorizing distribution to creditors. The petition recited that all the conditions laid down in the order conditionally approving the offer of purchase had been met. At the hearing on the petition Stepp appeared by counsel and filed objections to said report and petition. The District Court, on June 25, 1936, filed its order denying the objections of Stepp and settling and approving the second report and petition. The order provided that the Receiver distribute to the creditors of the Elmer Company, Ltd. other than Guaranty and Stepp, the sum of $29,-624.37; that the Receiver distribute and pay over to Guaranty all assets remaining in his possession, "subject to the payment by said Guaranty Liquidating Corporation of the claim of Howard W. Stepp when said claim has been finally determined and

in such amount as said claim may be finally allowed * * *."

On September 15, 1936, Stepp informed Guaranty that he was not going forward with the appeal in the case involving the creditor status of Guaranty for the reason that he considered the issues involved therein moot in view of the fact that Guaranty had, by the orders of May 5, 1936, and June 25, 1936, been ordered to pay the claim of Stepp in whatever amount it should be finally approved. The appeal was in fact dismissed on motion of attorney for Guaranty, said motion being unopposed.

On October 20, 1936 Guaranty filed a motion to correct the orders of the District Court dated May 5, 1936, and June 25, 1936, on the ground that said orders did not express the true intention and decision of the court. The court was moved to change the order of June 25, 1936 so as to make it read that the distribution of the assets to Guaranty was to be subject to the payment to Stepp of "whatever amount may be finally ordered distributed to him." The court was prayed to amend the order of May 5, 1936 in a similar fashion. The parties are in agreement that this motion was not made in the same term that the orders sought to be corrected were entered. On October 26, 1936 the District Court entered its minute order denying the motion.

On November 16, 1936, during the pendency of the appeal to this court from the order (January 25, 1936) made by the District Court in reference to the claim of Stepp, a supplementary transcript was filed in this court by Stepp, setting forth the offer of the Guaranty and the orders of the District Court made in reference thereto. An order to show cause was issued citing Guaranty and the Receiver into this court to show cause why Guaranty should not be made a party appellee. After hearing, this court denied appellant's petition and said appeal proceeded on its merits. On March 15, 1937 decision of this court was rendered, affirming the order of the District Court. Stepp v. McAdams, 9 Cir., 88 F.2d 925. On April 19, 1937 the mandate of this court, in accordance with its decision, was filed in the District Court.

On April 30, 1937, the Receiver filed his third report and petition for distribution praying that the Clerk of the District Court be directed to pay to Stepp the sum of $2,-345.38, out of the $8,500 fund which had theretofore been deposited by the Receiver with the Clerk pursuant to the order of

May 5, 1936. The Receiver further asked that the balance of said fund of $8,500 be turned over to Guaranty. The petition alleged that the Receiver, pursuant to the Order of June 25, 1936, had distributed and paid over to Guaranty all assets and moneys remaining in his possession belonging to the receivership estate.

Stepp filed objections to said petition of Receiver. The relief asked in said objection was that said petition and order to show cause of the Receiver in so far as it pertained to the disposition of said $8,500 be dismissed; that the court make an order that the said sum of $8,500 be applied toward the payment of the claim of Stepp in the sum of $35,361.38; and that execution issue against Guaranty for the balance due on the claim of Stepp.

On May 3, 1937, Stepp filed his petition for an order to show cause directed to the Receiver and to Guaranty to show cause why the District Court should not make an order directing the Clerk to pay the sum of $8,500 on deposit with him, to Stepp to be applied towards the payment of his claim, and also why a writ of execution should not be issued against Guaranty in an amount sufficient to pay the balance of said claim, which was alleged to be in the total amount of $35,361.68. To this petition Guaranty alone filed an answer, which answer prayed that the petition and order to show cause be dismissed.

The two proceedings last mentioned were heard concurrently, the court, on May 14, 1937, making one order embracing its decision in both proceedings. In the said order the District Court dismissed the petition of Stepp, overruled his objections to the report and petition for distribution of the Receiver and decreed that he was entitled to receive the sum of $3,362.87 out of the said fund on deposit with the clerk of the District Court. From this order the parties have taken their respective appeals.

The principal question presented on these appeals is whether the order of the District Court of June 25, 1936 should be construed as providing that the sale of the assets to Guaranty was subject to the payment by it of the total amount of Stepp's claim as finally allowed, without regard to its status. The alternative construction, and that which the order appealed from in effect adopted, is that the claim was to be paid in its total amount, only if it should be adjudged to be a preferred claim, and was to be paid in such proportionate part of the total distributable assets as the claimant might be entitled to receive ratably with the other general claimants, if it should finally be adjudged to be a general claim.

Appellant has cited many authorities to the effect that the order of June 25, 1936 was a final order, and that therefore the District Court had no jurisdiction to modify or correct it after the expiration of the term in which it was entered. See, e. g., Sibbald v. U. S., 12 Pet. 488, 491, 9 L.Ed. 1167, 1169; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013, 1014. The action taken by the District Court in entering its order of May 17, 1937 did not violate this general rule. As we shall see, that order did not modify, vacate, or change the order of June 25, 1936, but merely directed its execution, in accordance with its terms as properly construed.

The order of May 5, 1936, authorizing the sale of all the assets of the estate and approving the offer of purchase made by Guaranty, was merely preliminary to a sale to be subsequently ratified by the court. Thus, it was not a final order. Republic Supply Co. of California v. Richfield Oil Co. of California, 9 Cir., 1935, 74 F.2d 907. Consequently, we must look to the order of June 25, 1936, which confirmed the sale of the assets (thus superseding the order of May 5, 1936), as the ultimate declaration of the obligation of Guaranty. That order provided, in part, that:

"Said assets and moneys distributed to said Guaranty Liquidating Corporation to be subject to the payment by said Guaranty Liquidating Corporation of the claim of Howard W. Stepp, when said claim has finally been determined and in such amount as said claim may be finally allowed."

It is well settled that a decree is to be construed with reference to the issues it was meant to decide. Vicksburg v. Henson, 231 U.S. 259, 34 S.Ct. 95, 99, 58 L.Ed. 209. As said by the Supreme Court in the cited case (page 100):

"The nature and extent of the former decree is not to be determined by seizing upon isolated parts of it or passages in the opinion considering the rights of the parties, but upon an examination of the issues made and intended to be submitted, and what the decree was really designed to accomplish."

See, also, Oklahoma v. Texas, 272 U.S. 21, 43, 47 S.Ct. 9, 16, 71 L.Ed. 145; Spiller

v. St. Louis, etc., R. Co., 8 Cir., 1926, 14 F.2d 284, 292; Mootry v. Grayson, 9 Cir., 1900, 104 F. 613, 618; Freeman on Judgments (5th ed., 1925), § 76, p. 133, § 77, p. 134. With this rule in mind, we turn to the record to discover the situation confronting the court when the order confirming the sale was made.

It appears that at the time the order of June 25, 1936 was entered the claim of Stepp had been presented to the District Court and by it "allowed as a general claim against the Receiver and against the receivership estate and funds in the amount of $35,361.38 * * *." The record further reveals that when the order of June 25, 1936 was made an appeal by Stepp from the order allowing his claim was pending in this court. The result of the appeal was an affirmance by this court of the aforesaid order of the District Court.

■ Thus, the net result of court action by way of adjudication of Stepp's claim was its allowance as a general claim, which amounts to no more than a determination by the court that its holder is entitled to share in the assets of the estate with other creditors on the basis for which the claim is allowed and in such amount as may equitably be ordered to be distributed to him. 1 Clark on Receivers (2d ed.), p. 911. In a general equity receivership ordinarily there should be a ratable distribution among creditors of whatever sum is available for payment of their claims. Southern Ry. Co. v. United States Fidelity & Guaranty Co., 5 Cir., 1936, 87 F.2d 118, 120; Berthold-Jennings Lumber Co. v. St. Louis, I. M. & S. Ry. Co., 8 Cir., 1935, 80 F.2d 32, 39, 102 A.L.R. 688.

■ The words used in the order of June 25, 1936 must be interpreted in the light of the status then held by appellant's claim, to wit, a general and not a preferred claim. So interpreted it seems logical that the obligation intended to be assumed by Guaranty was just what the receiver had previously been subject to, no more, and no less (i. e., to pay the claim as a general claim unless on the appeal then pending, this court should decide that Stepp was entitled to a greater amount.) The whole purpose of this phase of the administration of the estate was for Guaranty to take over the assets, and assume certain of the liabilities of the receivership estate. No reason appears why there should be imposed upon Guaranty the obligation of paying more than ten times the amount the receiver would have had to pay on the same claim.

We are unable to see that the fact that appellant failed to prosecute the appeal from the judgment of Guaranty against the receivership estate has any bearing upon the proper construction to be given to the order of June 25, 1936. Such action is at best self-serving evidence of the construction put by him on the order in question, but even as such is more than offset by the fact that long after the order was entered he prosecuted his appeal from the allowance of his claim as a general claim, contending that it was a preferred claim—an immaterial distinction, if, as urged, the order of June 25th required its payment in full in any event.

Nor does the fact that appellee filed a motion to correct the orders of June 25, 1936 and that the District Court denied said motion, operate, as claimed by appellant, to make res judicata the construction of the order for which he contends. Nothing appears from which we can say for what reason the court saw fit to deny the motion to correct. It is not a necessary implication from such action that the court approved the construction put on such order by appellant. It may have denied the motion because it was filed after the term of court in which the orders were made, or because the court deemed that the orders as phrased adequately expressed the intent sought to be made clear by the proposed correction. The order not being appealable (Republic Supply Co. of California v. Richfield Oil Co. of California, 9 Cir., 1935, 74 F.2d 909), obviously no implication adverse to appellee's position can be drawn from the fact that he did not attempt to appeal from it.

We hold, as did the court below, in construing its own order, that the intent in making said order was that Guaranty should take the assets subject to the payment of Stepp's claim in full if it should finally be determined that it was entitled to a preferred status, but that if, as occurred, the final decision was that it was only a general claim, then Guaranty's obligation should be to pay but such proportion thereof as Stepp was entitled to prorata with the other claimants.

■ Our decision on this point is also determinative of the cross-appeal. Cross-appellant contends that the District Court was in error in fixing the amount payable to Stepp at $3,342.87, rather than $2,345.38. The figure arrived at by the court is cor-

rect if by the order of June 25, 1936 it was intended that Stepp be paid on a prorata basis with the other creditors. The figure of $2,345.38 is correct if it was intended that Stepp be given only a proportionate interest in the assets of the estate as they stood before the consummation of the sale to Guaranty and the accompanying surrender and cancellation of Guaranty's claim. If, as held above, it was the intention to treat Stepp equally with the other creditors, that equality must be complete. Stepp should not be penalized because he took an appeal from the order allowing his claim. It nowhere appears that it was the intention of the court in making the order of June 25, 1936 to relegate Stepp to a status in effect inferior to other general claimants, if it should be determined that he held but a general claim. The order is affirmed both on the appeal and the cross-appeal.

Affirmed.