### In the Matter of SPRINGS INVESTMENT COMPANY, a corporation.
### No. 379.

United States District Court
W. D. Arkansas, Harrison Division.

Sept. 9, 1954.

J. B. Milham, Eureka Springs, Ark., for petitioner.

F. O. Butt and A. J. Russell, Eureka Springs, Ark., for bankrupt.

JOHN E. MILLER, District Judge.

On September 18, 1953, a creditor's petition was filed by Anson Mark, Jr., praying an adjudication of the Springs Investment Company, a corporation, as a bankrupt. The petition was referred by the court to the Referee in Bankruptcy for the Western District of Arkansas and on September 30, 1953, the first hearing was held by the Referee at which hearing ore tenus testimony was introduced by the petitioner. At the conclusion of that hearing it was agreed that another hearing would be held at Harrison on a date to be fixed by the Referee. Such hearing was held on November 12, 1953, and at the beginning of that hearing the Referee made the following statement:

"This is a hearing on the question of adjudication of bankruptcy of the Springs Investment Company. In fairness to you gentlemen, before we get too far into this, I have to tell you, Mr. Milham, that I am having some difficulty figuring out just what you can prove that will justify an order of adjudication in this case. Unless some evidence is developed along a different line than we developed at the last hearing I just do not see any grounds for entering an adjudication here on an involuntary petition."

The parties then stipulated that the testimony which had been taken at the first hearing on September 30 at Bentonville, Arkansas, should be admitted for all purposes, subject to any objection that might be urged to such testimony by either party.

The parties proceeded with the hearing and additional testimony of witnesses was introduced and, at the conclusion

of the second hearing, the parties further agreed that the Referee might consider the pleadings and briefs in the Chancery Court case in the Carroll County Chancery Court, being the case of Anson Mark, Jr., Plaintiff, v. Cecil E. Maberry, Verna M. Anderson, Mrs. Cecil E. Maberry, J. A. Maberry and Springs Investment Company, Inc. The briefs referred to are the ones that were filed by the parties in the Supreme Court of Arkansas on the appeal of the Chancery Court case to that Court, the case being No. 5-134 in the Supreme Court of Arkansas. 260 S.W.2d 455. The parties filed briefs with the Referee in support of their respective contentions and, on August 11, 1954, the Referee filed his Findings of Fact and Conclusions of Law, separately stated, and upon such Findings of Fact and Conclusions of Law entered the following order:

"On this day came on for determination the petition of Anson Mark, Jr., praying an adjudication of the debtor as a bankrupt. The court, having heard the testimony of witnesses, considered the exhibits thereto and the statements and briefs of respective counsel and having filed herein Findings of Fact and Conclusions of Law, separately stated, it is thereupon

"Ordered that the petition of Anson Mark, Jr., be and the same hereby is dismissed, and that the respondent recover its costs herein expended."

Upon the entry of the above order, the petitioner filed his petition for review and set forth therein certain exceptions to portions of the Findings of Fact and to the Conclusions of Law. The prayer of the petition for review is that the order of the Referee be vacated, set aside and that the petition be remanded to the Referee with directions to enter an order adjudging the debtor a bankrupt and to proceed therein according to law.

The court has read and considered the testimony upon which the petition was submitted to the Referee and is of the opinion that the Findings of Fact made by the Referee are fully supported by the testimony. In fact, the testimony does not justify any Findings of Fact other than as found and set forth by the Referee.

General Order in Bankruptcy No. 47, 11 U.S.C.A. following Section 53, prescribes the procedure to be followed by the court in consideration of a petition for review and provides that "the judge shall accept his findings of fact unless clearly erroneous." See, also, Small v. Kiel (In Re St. Louis Public Service Company), 8 Cir., 101 F.2d 444; Rhodes v. Federal Land Bank of St. Paul, 8 Cir., 140 F.2d 612; Powell v. Wumkes, 9 Cir., 142 F.2d 4, 6. In the latter case the court, in speaking of the powers of the judge in considering a petition for review, said:

"Where he confines himself to a review of the record made before the referee he is not permitted to try factual questions de novo, that is to say, he is not at liberty to reject the findings of the referee merely because he disagrees with the latter as to the credibility of witnesses or the weight to be accorded conflicting evidence. But unlike an appellate court the judge is empowered, in appropriate circumstances, to receive further evidence; and on the basis of the enlarged record he may modify or make findings, or may recommit the matter for further hearing by the referee."

As heretofore stated, the Findings of Fact of the Referee are fully supported by the testimony and no request has been submitted by the petitioner that he be allowed to present additional testimony. However, the facts have been so well developed that it does not appear that any additional testimony could be presented on any of the issues made by the petition for adjudication and the response thereto by the respondent, which was filed on October 5, 1953. Therefore, the question before the court is whether the Conclusions of Law made by the Referee are correct.

In considering the Conclusions of Law, it is not necessary for the court to set forth the Findings of Fact made by the Referee nor does it appear necessary to discuss all of the various contentions made by the petitioner in his brief filed herein in support of his petition for review. A reading of the case of Mark v. Maberry, Ark., 260 S.W.2d 455, is sufficient answer to some of the contentions now made by the petitioner. A study of the opinion of the Supreme Court of Arkansas in that case and a review of the record before the court is convincing that the real complaint of the petitioner is against the officers of the respondent corporation and his claims against those officers have been denied not only by the Chancery Court of Carroll County but by the Supreme Court of Arkansas.

The petitioner urges that the respondent committed an act of bankruptcy by allowing the president of the respondent to purchase at Commissioner's Sale, ordered by the State Court, all the known assets of the respondent corporation, with intent to hinder, delay and defraud its creditors and to conceal its assets, and further that the respondent committed an act of bankruptcy by permitting its president to purchase at such sale all of its real estate including the hotel and all furnishings. In support of these contentions the petitioner asserts that the respondent violated Section 3, sub. a (3) of the Bankruptcy Act, as amended by the Act of July 7, 1952, 11 U.S.C.A. § 21. In other words, the petitioner contends that the respondent corporation violated the provision of the statute which provides that it shall be an act of bankruptcy by a person who has "suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings or distraint and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property."

The lien that was foreclosed by Maberry and of which the petitioner complains was a lien created by a mortgage executed by respondent on May 22, 1948, and recorded on May 24, 1948, which was prior to the mortgage held by petitioner herein which he undertook to foreclose in Mark v. Maberry, supra.

The lien on the property of the respondent that was foreclosed in the Chancery Court was not obtained "through legal proceedings or distraint." See, Citizens Banking Company v. Ravenna National Bank, 234 U.S. 360, 34 S.Ct. 806, 58 L.Ed. 1352, and Mulhern v. Albin, 8 Cir., 163 F.2d 41, in which the Court of Appeals for this circuit held that judgments establishing pre-existing liens and ordering enforcement of them are not denounced by Bankruptcy Act though the judgment foreclosing the lien was rendered within four months of the filing of the petition for adjudication of bankruptcy.

Every question raised by the petitioner was fully considered by the Referee and the Findings of Fact and Conclusions of Law filed herein by the Referee are correct, and the court does not think it is necessary to further discuss the contentions of the petitioner. Therefore, an order is being entered today confirming the order of the Referee entered herein on August 11, 1954.