In the Matter of Frank L. VAN METER,
Bankrupt.

No. B–19.

United States District Court
W. D. Arkansas, Fayetteville Division.

Nov. 22, 1955.

Courtney C. Crouch, Springdale, Ark., for petitioner, Mary H. Proctor.

Little & Enfield, Bentonville, Ark., for claimant, Benton County Nursery Co., Inc.

Daily & Woods, Fort Smith, Ark., for Nursery.

JOHN E. MILLER, District Judge.

This proceeding is before the Court upon a petition for review of an order of the Referee entered July 25, 1955, said petition being filed by Mrs. Mary H. Proctor, a creditor of the bankrupt, Frank L. Van Meter. The order in question allowed a claim of the Benton County Nursery Company, Inc., as a valid prior claim upon certain proceeds remaining from the sale of certain shares of stock which had been in the bankrupt's possession.

At the outset, it should be noted that in its consideration of the petition for review the Court must accept the Referee's Findings of Fact unless they are clearly erroneous. Bankruptcy General Order No. 47, 11 U.S.C.A. following section 53; In re California Associated Products Co., 9 Cir., 183 F.2d 946, 950; Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84; In the Matter of Springs Investment Co., D.C.Ark., 123 F.Supp. 856. To the contrary, the Referee's Conclusions of Law are not presumptively correct and are not binding upon the Court. Walker v. Commercial National Bank of Little Rock, 8 Cir., 217 F.2d 677, 681.

The Referee's Findings of Fact Nos. 1 through 5, inclusive, are supported by the record and are adopted by the Court as a part of its opinion herein. (It should be noted that the Referee heard no testimony on the claim in question, and that his Findings of Fact and Conclusions of Law are based upon the record—particularly the pleadings and decree in the Benton County Chancery Court.)

"Findings on prior claim of Benton County Nursery Company, Inc.

"Now on this day comes on for hearing the claim of the Benton County Nursery Company, Inc. together with exhibit thereto attached, asking for priority against the estate of the bankrupt in the amount of $15,031.79 together with the objections of the trustee in bankruptcy and the amendment to the objections to said claim filed by said trustee in bankruptcy; and the court having considered said claim together with the briefs filed by the respective parties, doth find:

"1. On August 9, 1950, the bankrupt filed a suit in the Chancery Court of Benton County, Arkansas, against the claimant for an accounting; that on August 11, 1950, claimant filed an answer and cross-complaint in which claimant first denied the allegations of the complaint and by way of cross-complaint alleged Van Meter was indebted to it in the sum of $25,000.00 obtained by fraudulent means, that is to say by means of deceit, fraud and misrepresentation. The cross-complaint alleged the bankrupt then to be the owner of certain real estate, a Buick automobile and equities in other properties to it unknown. Claimant alleged the bankrupt to be insolvent and secured a restraining order enjoining and restraining the bankrupt from disposing of his properties. Claimant further prayed that the bankrupt be required to account for any and all funds, moneys, credits and personal properties which he had and which belonged to claimant.

"2. Claimant filed an amendment to its cross-complaint and alleged that the bankrupt had secured the

sum of approximately $25,000.00 from the claimant by embezzling the said sum, and that the money so embezzled had been used to purchase certain property including 67 shares of the Common Stock of the Benton County Nursery Company, Inc. Claimant alleged it was entitled to have the amount wrongfully taken by the bankrupt declared to be an equitable lien on the real property described in the original cross-complaint and on the shares of stock of said corporation then held by the bankrupt.

"3. On November 16, 1950, the Chancery Court of Benton County, Arkansas, having considered the complaint of the bankrupt and the answer and cross-complaint of the claimant here and the amendment to the cross-complaint and after hearing evidence introduced, duly made and entered an order by the terms of which that court adjudged and decreed that the complaint of the bankrupt filed by the bankrupt be dismissed for want of equity, and that the claimant here 'on its cross-complaint and amendment thereto do have and recover judgment of and from the plaintiff, Frank Van Meter, on the cross-complaint and amendment thereto in the sum of $15,031.79 * * *.'

"4. On December 9, 1950, Charles Womble, Sheriff of Benton County, Arkansas, levied upon shares of stock in the Benton County Nursery Company, Inc. owned by Frank L. Van Meter numbered 36 to 45 inclusive, representing a par value of $6,700.00 or 67 shares. According to the certificate of levy filed by the Sheriff, Certificate No. 36 for $500.00, Certificate No. 38 for $1,000.00, and Certificate No. 39 for $1,000.00 were held by the American National Bank, Rogers, Arkansas, as security on a note. The balance of the certificates of stock were taken into the actual custody possession of the Sheriff by virtue of the levy of the execution.

"5. The bankrupt filed his petition in bankruptcy on January 17, 1951, and on March 13, 1951, the trustee was appointed. Shortly thereafter the trustee took into his possession the shares of stock held by the Sheriff of Benton County and the shares of stock held by the American National Bank and sold all of the stock certificates under an order of the bankruptcy court; said shares of stock were sold for the sum of $7,200.00 out of which amount the American National Bank was paid the sum of $3,000.00 for the stock held by them and upon which apparently they held a valid pledge, leaving the balance of $4,200.00 upon which the claimant claims an equitable lien by virtue of the aforesaid decree of the Chancery Court of Benton County, Arkansas."

As above stated, these Findings of Fact are correct. However, the Court has concluded that Findings Nos. 6 through 10, inclusive, which are in actuality conclusions of law, and the Referee's designated Conclusions of Law Nos. 1 through 4, inclusive, are not entirely correct.

The basis upon which the Referee reached his decision is stated in his findings as follows:

"7. * * * The trustee in bankruptcy stands in the identical position of the bankrupt. According to the cross-complaint and the amendment thereto, which must be considered together with the final decree of the Benton County Chancery Court, the bankrupt obtained the money with which he purchased the 67 shares of stock in question by fraud, deceit and embezzlement from the claimant. If the specific subject matter of a trust has been disposed of by the trustee and its identity is traceable into substituted property or funds, a suit in equity may be maintained to enforce a trust there-

784

in. Pioneer Mining Co. v. Tyberg, 9 Cir., 215 F. 501, L.R.A.1915B, 442. The rule is that equity will follow the fund regardless of where it may be found. Williams v. McCarty, 82 W.Va. 158, 95 S.E. 638, 100 S.E. 565, 15 A.L.R. 9.

"8. It is apparent from the wording of the decree of the Chancery Court of Benton County, Arkansas, that the claimant is entitled to judgment on the cross-complaint and the amendment thereto against the bankrupt, from which it necessarily follows that the claimant had an equitable lien upon the certificates of stock in question by reason of the misappropriation of the funds by the bankrupt which went into the purchase of the particular stock certificates. This equitable lien may be traced from the date of the embezzlement.

"9. The effect of the decree of the Benton County Chancery Court was not only to give the claimant a judgment in dollars and cents found to be due claimant by the bankrupt for his defalcations, but also to enforce a lien valid and existing at the time the petition in bankruptcy was filed.

"10. The claimant is the owner of the balance of the fund received by the trustee in bankruptcy from the sale of the 67 shares of stock in the Benton County Nursery Company, Inc."

If the decree of the Chancery Court of Benton County, Arkansas, had in fact established an equitable lien or a constructive trust upon the 67 shares of stock, unquestionably the Referee's conclusion would be proper. This is true since the trustee's right to the stock is no greater than the right of the bankrupt, and constructive trusts or equitable liens will be recognized in bankruptcy proceedings. Mulhern v. Albin, 8 Cir., 163 F.2d 41; In re Tate-Jones & Co., Inc., D.C.Pa., 85 F.Supp. 971; In re Franklin Saving & Loan Co., D.C.Tenn., 34 F.

Supp. 585; In re Clement D. Cates & Co., D.C.Fla., 283 F. 546.

In other words, even though a judgment is entered within the four months period preceding bankruptcy, if the judgment merely establishes a preexisting lien or trust, the lien or trust is not invalidated by Section 67(a) (1) of the Bankruptcy Act, 11 U.S.C.A. § 107(a) (1). Mulhern v. Albin, supra; In re Cherokee Public Service Co., D.C. Ark., 20 F.Supp. 195. Moreover, in the absence of a judgment the Bankruptcy Court itself may declare and enforce an equitable lien in the bankruptcy proceeding. See, In re Thompson, D.C. Wash., 4 F.Supp. 921.

The Court is convinced, however, that the Chancery Court did not establish or recognize a constructive trust or an equitable lien upon the stock in question. The pertinent portion of the Chancery Court's decree is as follows:

"It is therefore, considered, ordered, adjudged and decreed by the Court that the plaintiff's complaint be dismissed for want of equity and that the defendant, Benton County Nursery Co., Inc., on its cross-complaint and amendment thereto, do have and recover judgment of and from the plaintiff, Frank Van Meter, on the cross-complaint and amendment thereto in the sum of $15,031.79 and that the lis pendens and the restraining order issued in said cause is by the Court dissolved.

"It is further decreed by the Court that upon the payment by the plaintiff to the defendant, Benton County Nursery Co., Inc. a sum of not less than $500.00, that the lien of this judgment and also the lien of a judgment rendered on this date in this Court in the cause of Benton County Nursery Co., Inc., vs. Nannie Van Meter is satisfied and released as to the following described real estate:

Lot Three (3) in Block One (1) in Miller's Addition to the City of Rogers, Arkansas.

and said payment to apply to the judgment against the said Nannie Van Meter and that the defendant, Benton County Nursery Co., Inc., cross-plaintiff, recover all costs, and that execution may issue forthwith as at law."

In substance this is nothing more nor less than a money decree, with the exception of the release of the judgment lien upon certain real property, and the money decree has essentially the same attributes as a money judgment would have in a court of law. See 30 C.J.S., Equity, § 612, p. 1010. The decree became a lien upon Van Meter's real property in the county upon the date of its rendition. Sec. 29–130, Ark.Stats. 1947, Anno. The decree did not constitute a lien upon Van Meter's personal property, including the 67 shares of stock, until execution was issued and the writ delivered to the officer in the proper county to be executed. Sec. 30–116, Ark.Stats.1947, Anno.; Von Segerlund v. Dysart, 9 Cir., 137 F.2d 755; Baldwin v. Johnston, 8 Ark. 260.

Claimant, Benton County Nursery Company, Inc., contends that the decree should be considered in the light of the pleadings, and that when so considered the decree establishes an equitable lien upon the 67 shares of stock. It is true that a decree should be considered with reference to the issues presented. Stepp v. McAdams, 9 Cir., 97 F.2d 874; Liberty Central Trust Co. v. Vaughan, 167 Ark. 219, 267 S.W. 361. But when that is done in the instant case, it seems clear to the Court that the Benton County Chancery Court in its decree was doing nothing more than rendering a money judgment. Counsel have not cited a case, nor has the Court in its independent research found a case, holding that a decree could or did establish a constructive trust or an equitable lien in the absence of some language in the decree to that effect. On the other hand, in Mack v. Marvin, 211 Ark. 715, at page 725, 202 S.W.2d 590, at page 596, the court outlined the manner in which a constructive trust case should be disposed of, as follows:

"* * * the decree of the lower court is reversed and the cause remanded to the lower court with directions to render decree against appellees R. H. Marvin and Mabel J. Marvin for $5,000 with interest on $2,500 thereof from May 15, 1946, and on $2,500 thereof from June 15, 1946, at the rate of six per cent per annum, and to declare a lien therefor in favor of appellant on the land described in the above mentioned conveyance executed by appellee R. H. Marvin to appellee Mabel J. Marvin, and providing for foreclosure of said lien and sale of said land in accordance with the practice for foreclosure of mortgages in chancery court; and all costs of both courts to be adjudged against said last named appellees."

See also, Gordon v. Claridy, 142 Ark. 184, 218 S.W. 195; Humphreys v. Butler, 51 Ark. 351, 11 S.W. 479.

Stated differently, a money decree in and of itself does not establish a constructive trust or an equitable lien in the absence of language in the decree to that effect. This rule is recognized in Sec. 30–116, Ark.Stats., supra, which provides:

"No execution shall be a lien on the property in any goods or chattels, or the rights or shares in any stock, or on any real estate, *to which the lien of the judgment, order or decree does not extend, or has been determined,* but from the time such writ shall be delivered to the officer in the proper county to be executed." (Emphasis added by Court.)

That is, in the absence of the establishment of a lien by a judgment, order, or decree, there is no lien upon personal property until an execution is issued and placed in the hands of an officer in the proper county to be executed.

It is well settled that misappropriated or trust funds may be recovered by the true owner provided he is

able to trace the funds into the hands of a person who has no better right thereto, and this is true even though the funds have been converted into a new form. In re Tate-Jones & Co., Inc., D.C.Pa., 85 F.Supp. 971; Rainwater v. Wildman, 172 Ark. 521, 289 S.W. 488; Red Bud Realty Co. v. South, 96 Ark. 281, 131 S.W. 340.

But, if the original owner is not able to trace the funds into any specific property, he has no grounds for the establishment of a constructive trust or an equitable lien. See, Rainwater v. Wildman, supra.

█ It seems evident to the Court that in the instant case the Chancery Court of Benton County, Arkansas, found that Van Meter had embezzled or misappropriated funds of the Benton County Nursery Company, Inc., in the amount of $15,031.79, but that the said Nursery Company had been unable to trace said funds into any particular property then in the possession of Van Meter. Therefore, the Court merely rendered a money decree and did not establish a constructive trust or an equitable lien upon any of Van Meter's property. The Court did realize that the money decree was a lien upon Van Meter's real property under Sec. 29-130, Ark.Stats., supra, and the Court released and satisfied said lien on a particular parcel of real estate upon the payment by Van Meter of a sum of not less than $500 to be applied upon a separate judgment.

█ Since the Chancery Court decree did not establish a pre-existing lien or trust, the claimant, Benton County Nursery Company, Inc., acquired no lien upon the 67 shares of stock in question until execution was issued and delivered to Charles Womble, Sheriff of Benton County, Arkansas, which delivery was evidently made on or about December 9, 1950, the date upon which said Sheriff levied upon the said shares of stock. Thus, the lien was obtained at a time when Van Meter was insolvent and within four months before the filing of the petition in bankruptcy by Van Meter on January 17, 1951, and it follows that the lien was and is null and void under the provisions of Section 67(a) (1) of the Bankruptcy Act, 11 U.S.C.A. § 107 (a) (1).

Therefore, the case should be remanded to the Referee with instructions to set aside the order of July 25, 1955, and to enter an order overruling the claim for preference submitted by the claimant, Benton County Nursery Company, Inc.

An order in accordance herewith is being entered today.

This 22 day of November, 1955.